Daniel, J.
 

 Before we give any opinion’ upon the exceptions taken by the creditors to the master’s report, we must first see that there is a balance of estate on hand, sufficient to maintain the lunatic during his lunacy, and his wife and infant children.
 
 Shelford on Lunatics,
 
 356. In England, the grant, under the great seal, of the custody of the person and estate of the lunatic, contains, among other things, an authority to the bailiff or committee, to take the property and effects of the lunatic, for his profit and advantage ; “ and for the maintenance, sustenance and support of the said A. B. and his family, (if he has any, or in time to come may have).”
 
 Shelford,
 
 635. In England, it has been questioned, whether the seizure of the estate of a lunatic by the
 
 Kingfirst,
 
 for the maintenance of him and his family, and
 
 secondly,
 
 for the benefit of his creditors, as the Court of Chancery might from time to time make orders for the same, was not solely by force of the statute,
 
 De prerogativa regis,
 
 17
 
 Ed. 2d. ch.
 
 10. (See the translation into English of that statute,
 
 Shelford,
 
 498.) But the better opinion is, that the said statute was not introductive of any new right, but was only declaratory of the common law.
 
 *235
 

 Beverly’s Case,
 
 4
 
 Steph.
 
 126, 127, 2
 
 Ves. Jr.
 
 71,
 
 Bac. Abr. title Idiots and Lunatics, C., Shelford,
 
 12. And we take it, that the King, as
 
 parens patries,
 
 by the common law, had the protection of all his subjects, and that, in a more particular manner, he is to take care of all those who, by reason of their imbecility and want of understanding, are incapable to taking care of themselves.
 
 Bac. Abr. Idiots and Lun. C.
 
 All the lunatic’s estate has been converted into money, and only the sum of $942 14 is now within the reach of this Court. We think that this fund must be retained by the committee, not to pay his balance or
 
 the
 
 debts of any of the creditors, but for the purpose of maintaining the lunatic and his wife and infant children. That the Court must reserve a sufficient maintenance for the lunatic, before making an order for payment of debts, or allowing to the committee sums already applied by him to that purpose, is clear from the nature of the jurisdiction in lunacy, as well as from the decisions. In
 
 Ex parte Hastings,
 
 14 Ves. 182, Lord Eldojst said, he could not pay a lunatic’s debts and leave him destitute, but must reserve a sufficient maintenance for him ; and in
 
 Tally
 
 v.
 
 Tally, 2
 
 D. & B. Eq. 385, that is cited with approbation by this Court. With respect to the maintenance of the wife, and such of the children as, from tenderness of age or other causes, are dependent upon the parent, this Court, in
 
 Brooks
 
 v.
 
 Brooks,
 
 2 D. & B. Eq. 389, gave the opinion, that, though it was not mentioned in our statute, it was a proper charge upon the lunatic’s estate — it not preventing the maintenance of the lunatic himself — upon the ground, that the lunatic himself was chargeable with it; and, among the demands on his estate, to be provided for by order of the Court, none can be more meritorious, certainly, and no disposition of the lunatic’s estate is so likely to promote the comfort and due care of the lunatic himself.
 

 These being appeals from interlocutory orders on the petition, this Court can do no more than decide the par
 
 *236
 
 ticular points sent here ; and therefore, we refrain from saying more than this: that, for the present, the whole of the sum in the Court of Equity should be declared a fund necessary for the maintenance of the lunatic and his wife and infant children, and be ordered to be put out at interest by the committee, to answer such orders as may be made by the Court, from time to time, for those purposes ; referring it to the master to inquire of the proper allowance for those purposes, according to the fund and the state of the family. We leave it to the Judge below or the County Court, whichever be the proper tribunal, now or in future, as they shall be moved, to deal with the committee in respect to the estate already disbursed by him.
 

 The Court being of this .opinion, it is unnecessary now to decide the other points raised in the cause.
 

 The costs in this Court must be paid equally by. the parties.
 

 Per Curiam.
 

 Decreed accordingly.