R. Y. McADEN v. OCTAVIUS HOOKER, Guardian of JOSIAH TURNER, Sen., and JOSIAH TURNER, Jun.

A judgment confessed (by the Guardian of one who is *non compos mentis*,) under the provisions of sections 325 and 326, C. C. P., if the statement required be verified by the guardian, in the absence of fraud, is not irregular.

MOTION in the cause heard before his Honor, *Judge McKoy*, at Spring Term, 1875, of the Superior Court of ORANGE county.

One Evans Turner, administrator of Josiah Turner, Sen., and John W. Kirkland, a creditor by junior judgment, moved the court to set aside the judgment in this action, confessed by the defendants, O. Hooker, guardian of Josiah Turner, Sen., and Josiah Turner, Jr. The facts in the case are so fully stated in the opinion of the court that any further statement is deemed superfluous.

Upon the hearing the motion was allowed by the court, and the plaintiff appealed.

*Merrimon, Fuller & Ashe*, for the appellant.
*J. W. Graham*, contra.

RODMAN, J. On the 26th October, 1868, Josiah Turner Sen., and others executed the following instrument:

STATE OF NORTH CAROLINA, } October 26th, 1868.
    *Orange County.*

Know all men by these presents that we, Josiah Turner, Sr., Josiah Turner, Jr., William Turner, Julian S. Turner, John Turner, are held and firmly bound unto George W. Swepson in the sum of five thousand dollars, good and lawful money of the United States, to the true and faithful payment whereof to him, the said George W. Swepson, his heirs, executors and administrators, jointly and severally, signed with our hands and seals the day and date first above written.

The condition of this obligation—that George W. Swepson having agreed to loan, at the rate of eight per cent. interest *per annum*, five thousand dollars to Josiah Turner, Sr., to purchase a printing press and material for a paper to be conducted by Josiah Turner, Jr., it is agreed and understood that Josiah Turner, Jr., is to draw on or receive from said Swepson, as the wants of the printing establishment may require, an amount not to exceed five thousand dollars, and we and each of us do agree, and by this bond bind ourselves to pay according to this bond such sum or sums as may be loaned or furnished by said Swepson to said Josiah Turner, Jr., not exceeding five thousand dollars.

(Signed.)      JOSIAH TURNER, SR.,    [SEAL.]
                  JOSIAH TURNER, JR.,    [SEAL.]
                  JULIAN S. TURNER,
                  JOHN TURNER.

On 20th March, 1869, a petition was filed in the Probate Court of Orange county to have the said Josiah Turner, Sr., declared *non compos mentis*, and on 22d of March, 1869, he was so declared by an inquisition, and O. Hooker was duly appointed his guardian. At some time thereafter, (the date is

not given,) the following proceedings were had before the Clerk of Orange Superior Court:

R. Y. McAden *vs.* O. Hooker,     IN THE SUPERIOR COURT,
    guardian of J. Turner, Sen.,    ORANGE COUNTY.
    and J. Turner, Jr.    Statement and affidavit and
                   confession of judgment.

The defendants allege:

1. That Josiah Turner, Sen., is a lunatic, and O. Hooker is his guardian.

2. That there is due the plaintiff from these defendants, by bond, five thousand dollars with interest at eight per cent. from the 26th of October, 1868.

3. That the money, $5,000, was borrowed from the assignee of the plaintiff by the defendants, and a bond was given therefor, and is justly due the plaintiff.

4. These defendants authorize the entry of judgment against them for five thousand dollars, with interest thereon from the 26th October, 1868.

                          JOSIAH TURNER, Jr.,
                          O. HOOKER, Guardian.

Personally appeared before me, George Laws, Clerk of the Superior Court of Orange, J. Turner, Jr., and O. Hooker, guardian of J. Turner, Sen., who being duly sworn, maketh oath that the above statement is true.

                          JOSIAH TURNER, Jr.,
                          O. HOOKER, Guardian.

On filing the within statement and affidavit, it is adjudged by the court that the plaintiff recover of the defendants five thousand dollars, with interest on five thousand dollars from 26th October, 1868, until paid, together with three dollars, cost of this confession of judgment.

   (Signed.)                     GEORGE LAWS,
                       Clerk of the Superior Court.

On 30th October, 1871, the Clerk of Orange Superior Court made the following entry on his judgment docket:

R. Y. McAden vs. O. Hooker, ) Judgment $5,000.00. Inter-
guardian of Josiah Turner, } est from 26th Oct., 1868,
Sr., and Josiah Turner, Jr. ) at eight per cent.

On 2d December, 1872, an execution issued on said judgment, under which certain lands of Josiah Turner, Sr., were sold by the Sheriff of Orange county, and the net proceeds were paid to McAden, the plaintiff. Josiah Turner, Sr., died in November, 1874. At Spring Term, 1875, of Orange Superior Court, the administrator of Josiah Turner Sr., and Kirkland, who describes himself as a creditor of Josiah Turner Sr., by junior judgment, moved to vacate the judgment above mentioned, upon the following grounds:

1. That said statement is not signed by Josiah Turner Sr., or verified by his oath.

2. That O. Hooker as guardian of Josiah Turner Sr., could not confess a judgment against his estate.

3. That no recovery could be had against the estate of Josiah Turner Sr., except by an action commenced by a summons served as prescribed by sec. 82, Code of Civil Procedure.

4. That at the time the debt was contracted upon which said judgment was entered, Josiah Turner Sr., was incapable of understanding or transacting business on account of old age and mental imbecility, and a further motion will be made that you, (McAden) return all monies collected upon executions issued on said iudgment."

On this motion, the Judge made the following order:

"1. That upon the first three grounds set forth in the notice given in this proceeding, the said judgment should be set aside and vacated, as far as the same affects the estate of the (said) Josiah Turner Sr., the same being irregular for the want of the oath of the said Josiah Turner Sr.; and that all proceedings to establish a debt against the estate of a person who is

*non compos mentis*, should be by an adversary suit, and the summons served on both, on the lunatic or person *non compos mentis*, and also his guardian or committee.

2. That R. Y. McAden return the amount for which he receipted the execution issued on the said judgment for $5,000 to the Sheriff of Orange county (who had other executions in his hands against the said Josiah Turner Sr., on the day of sale,) on or before the first day of the next term to be held subject to the further order of this court."

From this judgment the defendant, (so says the record, but it probably means McAden the plaintiff,) prayed an appeal to this court.

It will be noted that his Honor puts his judgment not upon the ground that Turner was *non compos* when the contract was made, but entirely upon the ground that the judgment confessed was irregular because it was not, (and of course could not be,) sworn to by Turner personally, but by his guardian.

There was no evidence that Turner Sr., was *non compos* when the contract was made, and none that any fraud was practiced on him, or that the debt was not honestly owing.

The judgment was confessed under secs. 325, 326, 327, of Code Civil Procedure section 326, requires that " a statement must be made, signed by the defendant and verified by his oath to the following effect, &c."

1. Was the judgment irregular? That is to say, was it unauthorized by the Code? The counsel did not refer us to any authority on this point, and we are not aware of any. When a person becomes lunatic, he does not thereby become exempt from the payment of his antecedent debts, and any creditor may bring an action on his claim. The summons in such action would be served upon the lunatic and also upon his guardian. The guardian might appear for the lunatic and defend. Perhaps if he refused to appear, the court might appoint a guardian *ad litem*, though I know of no precedent

McADEN *v.* HOOKER, Guardian, and another,

for such a proceeding. At all events, if the guardian pleaded, there might be a valid judgment, *in invitum*, rendered against the lunatic. But if the guardian, after appearance, thinks that there is no defence, and that the creditor ought to have judgment, may he not permit judgment to go by *nil dicit?* In *White* v. *Albertson*, 3 Dev., 241, the process had been served on the guardian above, and not on the infants also, as. it should have been, and the guardian permitted judgment. against the infants by *nil dicit;* yet it was held that the judgment was not irregular, although in that case it was said the court had acted unadvisedly in permitting the guardian whose interests were opposed to those of the ward to represent him in that case. The analogy between infants and lunatics is so close as to justify the conclusion that a similar judgment against a lunatic would not be irregular.

If a guardian can permit such a judgment, which is apparently only *in invitum*, but in substance a judgment by confession, it is difficult to see any reason why the guardian cannot, in form, confess a judgment against the lunatic. The object of the section, cited from the Code, was to permit a debtor who could not dispute the debt to submit to a judgment at a moderate expense in costs, and without waiting for term time. It enabled the parties to dispense with all unnecessary formalities. It is contended, however, that the personal signature and oath of the lunatic defendant are required, and that his guardian has no authority to substitute his own signature and oath; and this is true if we must adhere literally to the law.

But, in construing it, we are entitled to enquire what was the object of the act, and whether that object requires a literal construction, or will be best attained by one more liberal.

A person, *sui juris*, may confess a judgment in court, in term time by attorney, properly authorized, and we conceive one object of the act to have been to enable such persons to confess judgment in like manner out of term. A lit-

eral construction would prohibit this and deprive the act of much of its utility. The object in requiring an oath as to the verity of the debt, was to restrain the confession of false debts in fraud of creditors. This object is as well attained by the oath of a person authorized to act for the debtor, and knowing the essential fact, as by that of the debtor himself. In this case both the guardian and the other defendant swear to the statement of their own knowledge.

In our opinion the judgment was not irregular. If the judgment were sought to be reversed on the ground that either the original contract or the judgment was fraudulent, or without consideration, and therefore fraudulent as to other creditors, the question would be different.

But as there is no allegation of that sort, it is useless to discuss the question. The allegation that Turner, Sr., was *non compos* at the time of making the contract, is not sworn to by the petitioners, and there is no evidence in support of it.

Let this opinion be certified.

PER CURIAM.                    Judgment below reversed.