JOHN C. BLAKE v. ISAIAH RESPASS, Sen. and J. T. RESPASS.

*Lunatic—Action by creditor against—Supplemental Proceedings—Jurisdiction.*

1. The statute (Bat. Rev. ch. 57,) confers no power upon the Courts of Probate to provide for the payment of the debts of a lunatic contracted prior to the lunacy.

2. The Superior Courts have jurisdiction to hear and determine an action instituted by a creditor of a lunatic for the recovery of a debt contracted prior to the lunacy.

3. In such case where the Judge in the Court below dismissed proceedings supplementary to execution ; *Held,* to be error.

(Suggestions by BYNUM, J., as to the manner of ascertaining a sufficiency for the support of the lunatic and applying excess to the judgment.)

(*In re Latham,* 4 Ire. Eq. 231 ; *McAden* v. *Hooker,* 74 N. C. 24, cited and approved.)

MOTION to dismiss Supplemental Proceedings, heard at Chambers in Washington, Beaufort County, on the 16th of May, 1877, before *Eure, J.*

The plaintiff is the owner of a judgment for $1500 obtained in 1870, against the defendant Isaiah Respass, who has since become a lunatic, and the other defendant, J. T. Respass has been duly appointed his guardian. Executions were issued upon this judgment, upon one of which, a small part of the judgment was made; but upon the last execution, the return was made—"Nothing to be found in excess of homestead and personal property exemption."

. Under the provisions of the C. C. P. § 264, supplementary proceedings were instituted against the said lunatic and his guardian, based upon the affidavit of the plaintiff alleging that the defendant Isaiah, was the owner of a judgment against the County of Hyde for $1000 or thereabouts, which said judgment the guardian was about to sell upon an order of the Court of Probate made upon his application. These supplementary proceedings were instituted in the Superior Court of Beaufort County in which the judgment of the plaintiff was obtained, before Judge Eure.

Upon the hearing of the said affidavit of the plaintiff, the Court ordered J. T. Respass, the guardian, and certain other persons who are charged with having property of the lunatic in their possession or under their control, to appear before a Referee appointed for that purpose, to be examined and make discovery, on oath, touching the property of the said lunatic, and in the meantime, restraining the sale of the Respass judgment.

Thereafter the defendants served upon the plaintiff notice of a motion to dismiss these supplementary proceedings, which motion was made before the Judge on the 16th of May, 1877, and the proceedings were dismissed.

From that judgment the plaintiff appealed.

*Messrs. D. M. Carter* and *Merrimon, Fuller & Ashe,* for plaintiff.

*Mr. Jas. E. Shepherd,* for defendants.

Bynum, J. (After stating the facts as above.) The ground of the motion is, that supplementary proceedings do not lie against a lunatic in aid of an execution. That is the question before us.

The argument of the defendants is, that original jurisdiction over lunatics and their estates is conferred by our law upon the Courts of Probate, and it was not competent therefore for the Superior Court to take jurisdiction. See Bat. Rev. ch. 57.

By the common law as well as by statute 17 Edward II, ch. 10, which was only declaratory of the common law, the King as *parens patriæ* took charge of the effects of a lunatic and held them, *first*, for the maintenance of him and his family, and *second*, for the benefit of his creditors, as the Court of Chancery might order from time to time. Shelford on Lunatics, pp. 12, 356, 498; Bac. Abr. Title, *Lunatics, c*

Thus in England by the grant of the King, the Court of Chancery acquired exclusive, original, and final jurisdiction over the person and property of lunatics. Our Courts of Equity in this State succeed to these Chancery powers and still retain them, except in so far as, and to the extent only as, they have been given to other Courts by statute. Prior to the Code of Civil Procedure, a part of this jurisdiction over lunatics, was conferred upon the County Courts, Rev. Code, ch. 57, § § 1–5; and the residue was still retained by the Court of Equity. Same chapter section 5 *et seq.* By the C. C. P. and acts subsequent thereto, the former County Court jurisdiction and a farther part of the Equity jurisdiction are conferred upon the Court of Probate established by the new Constitution of 1868, Bat. Rev. ch. 57. But the Court of Probate being a Court of special and limited jurisdiction, all powers not specially conferred upon it, are retained by the Superior Courts, which are Courts of general jurisdiction. While very extensive powers over lunatics and their

estates as to the sale of their personal effects for their support and for the payment of *debts necessarily incurred for their maintenance*, (Bat. Rev. ch. 57 § 7,) are vested in the Court of Probate, the power is nowhere conferred upon it to provide for the payment of debts incurred prior to the lunacy, nor is any jurisdiction given to entertain an action original or supplementary, by such creditor. Yet it is too plain for question that the fact of lunacy of itself does not discharge the debts incurred prior thereto, it makes no difference how contracted. The only effect that the lunacy of the party has upon his then existing debts is, that his estate and no part of it can be applied to their discharge until a sufficiency for his present and future support, and that of his family, if minors, &c., shall be ascertained and set apart for that purpose and there is a residue left. *In the matter of Latham*, 4 Ire. Eq. 231. There being no power vested in the Court of Probate, to sell property for, or order the payment of, debts contracted antecedent to the lunacy, or to entertain a suit at the instance of such creditor, the jurisdiction necessarily remains in the Superior Courts where it was always lodged, on the equity side at least.

The present action was originally begun in this Court, which acquired jurisdiction; the judgment was obtained there, and it is fit and proper that the action should be prosecuted there, by these equitable proceedings until the judgment is satisfied, or the estate ascertained to be insolvent.

The allegation of the plaintiff in these supplementary proceedings is, that the debtor has property which he unjustly refuses to apply to the satisfaction of the judgment, and the prayer is that the judgment debtor shall appear at a specified time and place, and answer the same. This is in conformity to C. C. P. § § 264-274, and there seems no valid objection to granting the order. If, upon such examination, it turns out that the lunatic has no estate or effects, that will be an end of the matter.

But if he has property which cannot be reached by execution, the Court will ascertain its character and value, and then proceed in one of two ways:—

It may direct the guardian to apply to the Court of Probate, to ascertain and set apart a sufficiency for the support of the lunatic, out of the fund, and in the meantime, stay further proceedings; or it may, perhaps, ascertain and set apart an adequate support for the lunatic, according to law, by a reference to its own Clerk, who is also the Judge of Probate, and then apply the excess, if any, in satisfaction of the judgment.

Whether both, or which, of these two ways may be in conformity to law, we are not now called upon to decide. Neither course seems open to serious objection.

We are now to decide only the question, whether these supplementary proceedings have been instituted in the Court having the jurisdiction. We hold that the Superior Court has the jurisdiction to hear and determine the case. See *McAden* v. *Hooker*, 74 N. C., 24.

There is error.

PER CURIAM: Judgment reversed.