W. D. SMITH & CO. v. E. J. PIPKIN, Guardian of L. Pipkin, a Lunatic.

*Lunatic—Action by Creditor—Jurisdiction.*

1. Courts of Probate have no power to provide for the payment of the debts of a lunatic contracted prior to the lunacy.

2. Where the existence of a debt, alleged to be due from a lunatic, is denied, a Court of Probate has no jurisdiction to try the question of debt or no debt.

3. Under Acts 1876–'77, ch. 241, § 6, the Superior Courts have concur-

rent jurisdiction with the Courts of Probate over lunatics and their estates.

(*Blake* v. *Respass*, 77 N. C. 193; *In Re Latham*, 4 Ire. Eq. 231 ; *Tally* v. *Tally*, 2 Dev. & Bat. Eq. 385, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court, and heard on appeal at Spring Term, 1878, of HARNETT Superior Court, before *Moore, J.*

This proceeding was instituted to compel the defendant guardian of Lewis Pipkin, a lunatic, to sell his ward's real estate to pay a debt alleged to be due the plaintiffs,—an account of $224.65 for necessaries furnished said guardian, and for the sum of $416.41, contracted before the lunacy, and alleged to have been paid by plaintiffs at the request of said guardian. In the Probate Court an issue of fact was raised and the case transferred to the Superior Court for a trial by jury. After a reference to the clerk to take an account of the said necessaries and the coming in of his report, the defendant moved to dismiss the proceeding for want of jurisdiction in the Probate Court, and His Honor held that said Court had no jurisdiction in respect to the debt contracted before the lunacy and directed it to be stricken from the complaint; but as to the account, he held that said Court had jurisdiction, and permitted the plaintiffs to proceed as to that. From which ruling the plaintiffs appealed.

*Mr. N. McKay*, for plaintiffs.
*Mr. John Manning*, for defendant.

BYNUM, J. *Blake* v. *Respass*, 77 N. C. 193, is conclusive authority that Courts of Probate have no power to provide for the payment of the debts of the lunatic, contracted prior to the lunacy, that is, assuming that the debts have been established against the lunatic. But in this case the guar-

dian denies the existence of the debt, or that the lunatic owes the plaintiffs anything, but avers that they, the plaintiffs, are indebted to him. The question of debt or no debt is not a proper one for the determination of the Court of Probate in respect to a lunatic more than in respect to a sane person. It is only where the debt is admitted or established that the jurisdiction of the Court of Probate arises to make provision for its payment upon the application of the creditor. This principle applies as well to the alleged debt of $224.65 contracted since, as to that of $416.41 contracted prior to the lunacy, both being denied by the guardian.

After the plaintiffs have established their debts in the proper Court, if the lunatic is in debt to them, it remains for their consideration whether they can then obtain the relief they are now demanding. *In the matter of Latham*, 4 Ire. Eq. 231, is the leading case upon the subject in this State. There, the debts were admitted and the application was made to the Court by the committee of the lunatic for the sale of his real and personal estate for the payment of his debts, and for the purpose of maintaining him and his family. Speaking for the Court, DANIEL, J. said: " All the lunatic's estate has been converted into money, and only the sum of $942.14 is now within reach of the Court. We think that fund must be retained by the committee, not to pay his balance, or the debts of any of the creditors, but for the purpose of maintaining the lunatic and his wife and infant children. That the Court must reserve a sufficient maintenance for the lunatic before making an order for payment of debts or allowing the committee sums already applied by him for that purpose, is clear from the nature of the jurisdiction in lunacy, as well as from the decisions. In *Ex Parte Hastings*, 14 Ves. 182, LORD ELDON said, he could not pay a lunatic's debts and leave him destitute, but must reserve a sufficient

maintenance for him; and in *Tally* v. *Tally*, 2 Dev. & Bat. Eq. 385, that is cited with approbation by the Court."

As the Court of Probate had no jurisdiction to provide for the payment of the debt contracted prior to the lunacy, but the Superior Court only, the appeal of the plaintiffs from the order of the Court striking that claim from the complaint, can not be sustained. If the defendant had appealed from the refusal of the Judge to dismiss the action for defect of jurisdiction in the Probate Court, we would have felt disposed to sustain the appeal as the case is now presented to us. As it is however we will not dismiss but affirm the judgment of the Court, remanding the case as to the claim of $224.65, to be proceeded in as the plaintiffs may be advised in the Probate Court. They may see their advantage in dismissing the present proceeding and resorting to their action in the Superior Court, where all the relief can be obtained to which the merits of their case may entitle them, for by the acts 1876–'77, ch. 241, § 6, in addition to the jurisdiction over lunatics and their estates inherent in the Courts of Equity, concurrent jurisdiction with the Courts of Probate is conferred upon the Superior Courts.

No error.              Affirmed.