*DAVID P. ADAMS v. WM. H. THOMAS and W. L. Hilliard, his Guardian.

*Estate of Lunatic—Claims against, how collected.*

Property of a lunatic in the hands of a committee is to be regarded as *in custodia legis*, and no creditor can reach it for a debt pre-existing the inquisition of lunacy, except through the order of the superior court; and that order is never made until a sufficiency for the support of the lunatic and that of his family, if minors, is first ascertained and set apart.

(*Blake* v. *Respass*, 77 N. C., 193; *Smith* v. *Pipkin*, 79 N. C., 569; *Ex parte Latham*, 4 Ire. Eq., 231, cited and approved.)

MOTION for leave to issue Excution heard at June Term, 1879, of THE SUPREME COURT.

The decree in this case was rendered in this court in 1868.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

DILLARD, J. In this case, which was a bill in equity, a decree was heretofore rendered in favor of the plaintiff for a considerable sum of money against the defendant W. H. Thomas, and the same not having been collected, nor any execution issued for the purpose, a motion on notice to W. L. Hilliard guardian of said Thomas was made at the last term of this court for leave to issue an execution, and thereupon it was referred to the clerk to inquire and report whether the said debt or any part thereof had been paid.

The clerk having filed his report showing that no part of the debt had been paid, the plaintiff at this term of the court renews his motion for execution, when W. L. Hilliard files his petition representing that W. H. Thomas is lunatic,

*Smith, C. J., having been of counsel did not sit on the hearing of this case.

and he is his guardian, and praying that a sufficiency of the estate of the lunatic may be ascertained and set apart for the maintenance of himself and family before any execution is awarded.

It appears from the proceedings in the cause that the decree sought to be executed was obtained before the said Thomas became lunatic, and in such case, a guardian being appointed, he holds the estate as agent of the law with power by leave of the probate court to sell personal and real estate for the maintenance of the lunatic, or payment of debts unavoidably incurred for his maintenance, but without the power to sell or apply any part of the estate to the discharge of the debts existing at the lunacy, except by order of the superior courts, in which courts alone the jurisdiction to order the payment of such debt resides. Bat. Rev., ch. 57, §§ 6 and 7, and *Blake* v. *Respass*, 77 N. C., 193.

Property of the lunatic put into the hands of a committee is to be regarded as *in custodia legis*, and no creditor can reach it for a pre-existing debt except through the order of the superior court, and that order is never made until first a sufficiency is ascertained and set apart for his own maintenance and that of his family, if minors, and this administration of the estate is based on the idea that the sovereign owes the duty to a person thus unfortunate to devote his property primarily to his maintenance and to protect him against his existing creditors, except in subordination thereto. *Blake* v. *Respass*, *supra; Smith* v. *Pipkin*, 79 N. C., 569 ; *Ex parte Latham*, 4 Ire. Eq., 231.

It being the duty of the court to provide for the maintenance of W. H. Thomas and to hold the plaintiff as entitled to the payment of his decree only out of any residue that may be left, the case is not in such a condition as to authorize this court at this time to order the execution to issue or take other action for its immediate payment. The report of the clerk only ascertains that no part of the debt has been

paid, and we have no inventory of the estate belonging to the lunatic out of which an adequate support may be assigned.

In such a state of the case, all that we can do is to continue the motion with leave to renew it again hereafter when a maintenance for the lunatic has been assigned; and in the meantime to direct the guardian to proceed before the probate court of Jackson county to have a sufficiency of the lunatic's estate set apart for his support and that of his family who are minors, and to report to this court when assigned, an inventory or schedule thereof, together with a descriptive list of any other estate of the lunatic not included in the allotment.

The motion of plaintiff is continued with leave to renew the same as herein expressed, and an order may be drawn directing W. L. Hilliard to proceed and report as herein indicated.

PER CURIAM.              Order accordingly.