THOMAS C. McILHENNY, Adm'r. of JOHN E. LIPPITT v. THE
WILMINGTON SAVINGS AND TRUST COMPANY, Guad'n.

*Statute of Limitations—Judgment—Docketing.*

1. A judgment of a Justice of the Peace, duly docketed in the Superior
   Court, becomes a judgment of the Superior Court, and may be
   enforced by execution at any time within ten years from the date
   of such docketing.

2. Where the judgment debtor made a motion, within ten years from
   docketing judgment, for leave to issue execution thereon, which
   was denied, and thereupon within one year after such denial, but
   more than ten years from the date of docketing, he brought an
   action on the judgment: *Held*, that the action was barred by the
   statute of limitations, the statute *The Code.* § 166 not being appli-
   cable to the facts.

CIVIL ACTION, tried before *Graves, J.,* at April Term, 1890,
of NEW HANOVER Superior Court.

It appears that the intestate of the plaintiff in his life-
time obtained a judgment in the county of New Hanover in
the Court of a Justice of the Peace against Calhoun C.
Walker, the insane ward of the defendant, on the 30th of
March, 1878, for $140.66, and on the same day docketed it in
the office of the Superior Court Clerk in that county; that
thereafter the said Walker was duly ascertained to be insane
and committed to the insane Asylum, and has ever since,
there remained; that thereafter, and after the death of his
intestate, on the 11th of February, 1888 (no execution hav-
ing theretofore issued upon said judgment), the plaintiff
made a motion demanding that an execution issue thereon,
as allowed by *The Code,* § 440, which motion was opposed
by the guardian *ad litem* of said Walker as to the motion,
and denied by the Court; that thereafter, and within twelve
months next after such denial, this action was brought,
wherein it is demanded that judgment be entered directing

the Clerk "to ascertain and set apart an adequate support for the said Walker, according to law, out of his property, and that out of the surplus, if any, a sufficient amount be applied to the satisfaction of the plaintiff's said judgment, and that he have general relief." The defendant in its answer pleads the statute of limitations.

Upon the facts admitted, as above substantially stated, the Court gave judgment for the defendant, and the plaintiff appealed.

*Mr. Thos. W. Strange,* for plaintiff.
*Mr. Junius Davis,* for defendant.

MERRIMON, C. J.: The judgment which the plaintiff seeks by this action to have satisfied out of the property of the defendant therein (now insane) was rendered by a Justice of the Peace, and hence was barred by the statute (*The Code,* § 153, Par. 1), after the lapse of seven years next after its date. As, however, this judgment was docketed in the office of the Clerk of the Superior Court, the plaintiff had the right (but for the lunacy of the defendant therein) to enforce the same by execution and to obtain execution for that purpose from time to time as occasion might require, just as if it had been rendered by the Superior Court. Indeed, from the time such judgment was so docketed it became a "judgment of the Superior Court," as provided by the statute (*The Code,* § 839); *Broyles* v. *Young,* 81 N. C., 315; *Adams* v. *Guy,* 106 N. C., 275, and the cases there cited. So that generally in such case the plaintiff would be entitled to have execution to enforce his judgment at any time within ten years next after it was so docketed. *Lytle* v. *Lytle,* 94 N. C., 683; *Lilly* v. *West,* 97 N. C., 276.

In the present case the judgment debtor became and was duly ascertained to be insane after the date of the judgment. The plaintiff could not, therefore, enforce the same

by the ordinary execution against the insane debtor's property. His property was to be treated as *in custodia legis*, and a creditor could not reach it except through an order of the Superior Court in a proper case, and such order would not be made until first a sufficiency should be set apart for the maintenance of the lunatic and his family—his wife and infant children. *Blake* v. *Respass*, 77 N. C., 193; *Adams* v. *Thomas*, 81 N. C., 296 and 83 N. C., 521. The plaintiff made application by motion for the ordinary process of execution against the lunatic's property within ten years next after his judgment was docketed in the office of the Clerk of the Superior Court, but his motion was denied upon the ground, it seems, that he could not have such execution against the property of a lunatic. After the lapse of ten years next after the judgment was docketed, the plaintiff brought this action, but he brought it within one year next after the motion for such execution was denied, and he hence contends that his action is brought within the saving of and as allowed by the statute (*The Code*, § 166) and, therefore, it is not barred by the statute of limitations in any aspect of it.

We think the statute just cited, invoked by the plaintiff, does not bear the interpretation contended for by his counsel. It has reference only to actions regularly instituted in the regular course of civil procedure, and does not embrace mere motions in an action or a motion for an execution upon a dormant judgment. This appears from the legal meaning of the terms employed and the obvious implication arising upon them, taken together, to express the legislative intent. The leading important words are "an action," "an action commenced within the time prescribed therefor," "a judgment therein," "reversed on appeal" or "arrested," "the cause of action survived," "a new action." These words and such phraseology do not apply for the most part to motions and merely incidental proceedings.

The plaintiff's motion for an execution, which was denied, did not, therefore, prevent the bar of the statute. At the time his action (this action) began, more than ten years had elapsed next after his judgment was docketed. His judgment was barred next after the lapse of seven years from its date, and his right to enforce it by execution or otherwise was barred after the lapse of ten years next after the time it wa's docketed. *Adams* v. *Guy, supra.*

The purpose of this action is to enforce a judgment against a lunatic, obtained against him before he became insane. We are not called upon now to decide whether or not it could be maintained if it were not barred by the statute of limitations, or whether the remedy in such case should be by proceedings supplementary to the execution; and we make this remark to exclude the conclusion that we approve this method of enforcing a judgment against a lunatic.

Affirmed.