J. P. McLEAN, Guardian, v. JAMES BREESE et al.

*Guardian and Ward—Lunatics—Accounts and Settlements—Vouchers—Disbursements—Evidence.*

1. When any item in the account of a guardian is contested, evidence of the regularity and necessity of the expenditure should be required, and the facts found in relation thereto.

2. To make a voucher presumptive evidence of disbursement under the statute, *The Code*, § 1401, it is necessary that it should state the time the expenditure was made, on what account, and other facts from which it can be reasonably inferred the payment was a proper one.

3. The law will not permit the property of a lunatic to be applied to the payment of his debts, unless a sufficient part thereof has been retained for the support of his wife and infant children.

4. If a guardian, in good faith, pays the just debts of his wards without prejudice to his estate, he is entitled to be credited with the amount thereof in the settlement of his account.

Civil action, heard upon exceptions to the referee's report at November Term, 1890, of Cumberland Superior Court, *MacRae, J.,* presiding.

The defendants' exceptions were overruled, and they appealed from the judgment confirming the report.

*Mr. W. A. Gutherie,* for plaintiff.
*Mr. J. W. Hinsdale,* for defendants.

Merrimon, C. J.: The late ward of the plaintiff was a lunatic many years next prior to his death in 1886, and this action is brought against his administrator and others, the widow and next of kin, to compel a settlement of the plaintiff's accounts as guardian.

The record is imperfect and confused. It appears that a summons was issued and served, but neither the complaint nor answer appears, and the order of reference is scarcely discernible. The report of the referee is not satisfactory. The findings of fact in respect to several disbursements of money are imperfect, and it is impossible to see whether or not several items of the account should or should not have been allowed. The grounds of exception are that certain of the expenditures and disbursements were not for the benefit of the ward's wife and infant child, were not necessary for their support, and were not authorized by law.

Evidence should have been required, and the facts found as to each item of the account questioned, and particularly, for the present purpose, as to the nature, purpose and application of the expenditures and disbursements in question. The facts going to show that they were or were not proper ones should be found, and it should appear that all expenditures and disbursements were such as the law allowed. It was not sufficient, for example, that the plaintiff produced sundry vouchers for expenses incurred in going to and from the Asylum to see the ward. It should have appeared when

these vouchers were questioned, that such visits were necessary, and the expenses reasonable. And so of other items of the account.

It is true, as insisted for the plaintiff, that the statute (*The Code,* § 1401) makes vouchers presumptive evidence of disbursements actually made, but not of their nature and purpose and the necessity for them, when the same are not expressed in them. To make such vouchers presumptive evidence, they should state with reasonable particularity the purpose of them—on what particular account they were made, the time, etc.—so as to make it appear by them, that the expenditure or disbursement was a proper one.

The property of the lunatic in the hands of the guardian is in *custodia legis,* and all sales of such property to pay debts of the ward due or owing by him at the time he became a lunatic, should be made by the guardian with the sanction of the Court, obtained as by the statute prescribed. *Adams* v. *Thomas,* 81 N. C., 296; *Adams* v. *Thomas,* 83 N. C., 521.

The law intends that the debts of the lunatic shall be paid, if he has property sufficient for the purpose, after retaining a sufficient part thereof for the reasonable support of his wife and infant children. Property for the latter purpose ought not to be sold, and will not be with the sanction of the Court. But where the lunatic has a surplus beyond that amount, property may be sold by order of the Court, and assets so arising may be applied to the payment of the lunatic's debts by the guardian. And so when the latter has money that came into his hands not so needed for the support of the lunatic and his family, he may in good faith pay debts of the ward, but he should be sure that the debts are justly due and such as ought to be paid, otherwise he will not be allowed credit in his account for disbursements on such account.

The guardian must be held to a strict and just account as to the property of his ward, and if, by his neglect, or failure

to observe the requirements of the statute in caring for and making sale of the same, the estate of the lunatic shall sustain damage, he will be required to account therefor in all proper ways and connections. When, however, he in good faith pays debts that ought to be paid, and by so doing the ward's estate suffers no prejudice, he will be allowed credit for disbursements of assets in his hands in such respect. The guardian always fails to observe statutory requirements affecting him, at his peril. It is his duty to observe statutory regulations, and in all things, in good faith, to have in view the good and just advantage of his ward.

Several of the exceptions were properly abandoned in this Court. We think that those must be sustained as to vouchers numbered respectively in the account stated by the referee, as 2, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, and as to that designated "sundry trips to Raleigh on account of ward." As to the vouchers thus designated, the referee must be required to inquire more particularly as to the nature and purpose of, and the necessity for, the expenditures and disbursements embraced by them, to the end the Court may see and determine that they were substantially such as the law allowed to be made. To the end that such further inquiry may be made, and the judgment modified thereupon, if need be, let this opinion be certified to the Superior Court.

Remanded.