J. P. McLEAN, Guardian, etc., v. Mrs. J. R. BREECE.

*Guardian—Lunatic's Estate—Account—Jurisdiction—Practice.*

1. Although the Courts will not order the payment of a lunatic's debts contracted anterior to his lunacy, if it will deprive him or his family of maintenance, yet where, in the settlement of the guardian's account, the lunatic being dead and his only child of age, it appears that the guardian, in good faith, paid such debts without prejudice to the estate, the disbursement will be allowed.

2. Where a guardian of a lunatic, by the issuance of a summons and filing his final account, began a proceeding for a settlement of his ward's estate and no pleadings were filed, but the matter has pended seven years, during which time there have been three references and four reports, besides numerous orders and two final judgments below, and two appeals to this Court, an exception by plaintiff guardian to the final judgment on the ground that there are no pleadings in the cause, will not be entertained, nor is it necessary, in such case, that pleadings be filed in this Court *nunc pro tunc.*

3. The Clerk of the Superior Court has jurisdiction of settlements between guardian and ward, and, of course, between the guardian and the ward's personal representative.

4. If an action, begun wrongfully before the Clerk, gets into the Superior Court by appeal, or otherwise, the latter has jurisdiction, and can make any needful amendment of process to give effectual jurisdiction, as also this Court may do if necessary.

Proceeding for the settlement of a deceased lunatic's estate by his guardian, instituted before the Clerk of Cumberland Superior Court by the guardian against the daughter of the lunatic, to which the administrator of the lunatic afterwards made himself a party, and heard on report of referee at January Term, 1893, of CUMBERLAND Superior Court, before *Winston, J.*, from whose judgment against him the plaintiff appealed.

The exceptions are noted in the opinion of Associate Justice CLARK. (For former appeal in same case, see 109 N. C., 564.)

*Mr. N. W. Ray*, for plaintiff (appellant).
*Messrs. J. W. Hinsdale* and *C. W. Broadfoot*, for defendant.

CLARK, J.: When this cause was here before (109 N. C., 564), the Court said, in reference to "vouchers numbered respectively in the account stated by the referee, Nos. 2, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17," and those for "sundry trips to Raleigh on account of ward," that "the referee must be required to inquire more particularly as to the nature and purpose of and the necessity for the expenditures and disbursements embraced by them." This the referee proceeded to do. On the coming in of the report the Court allowed defendant's exceptions to vouchers 11, 12, 13, 14, 15, 16 and 17, and ordered a re-reference to reform the account. As no appeal lay from such interlocutory order ( *Wallace* v. *Douglas*, 105 N. C., 42), the plaintiff properly caused his exceptions to the rulings to be noted in the record. It is now brought up for review on the appeal from the final judgment. The referee found from the evidence that these vouchers (11 to

17 inclusive), were debts against the estate when the guardian (plaintiff) took charge, that he· paid them in good faith, and that they were correct and just claims against James Breece. The defendant excepted, because those disbursements were not "for the support and maintenance of the lunatic, or of his family, nor for necessary expenses of the ward or his wife and child, nor for their benefit, nor authorized by law or any previous order of Court." In sustaining this exception to the vouchers mentioned (11 to 17) there was error. This Court had already ruled in this case, 109 N. C., on page 567, that "when he (the guardian) in good faith pays debts that ought to be paid, and by so doing the ward's estate suffers no prejudice, he will be allowed credit for disbursements of assets in his hands in such respect." ·To same purport is *Adams* v. *Thomas*, 83 N. C., 521. It does not appear that the ward's estate, or the maintenance of himself and family, suffered any prejudice by the payment of these just debts incurred by him anterior to his lunacy. It is true, both that the Courts will not order payment of a lunatic's anterior debts if it will deprive him or his family of maintenance (*Smith* v. *Pipkin*, 79 N. C., 569), and that he is entitled to his personal property exemption; but none of these questions can arise; the lunatic is dead, and the only child is of age. The question is not as to reserving a sufficiency for maintenance, but whether in this final settlement the guardian shall be allowed for just debts paid in good faith by him. These credits were, therefore, erroneously stricken from the account and should be restored to it.

The plaintiff's second exception was made at January Term, 1893, for that in reforming the account the referee had failed to make a deduction of $41.75, allowed by the Court in voucher number 10, from the sum total of the debits. It seems to us from inspection of the account that the deduction was made. But as the account must be reformed by reinstating vouchers 11 to 17 inclusive, the inadvertence, if such there be in regard to this $41.75, will be corrected.

The plaintiff further excepted at the final judgment to any judgment being entered, upon the ground that there are no pleadings in the cause. This proceeding was instituted by the plaintiff seven years ago. It has been referred three times, with four reports made. There have been numerous orders and two final judgments in the Court below, and the case is now for the second time in this Court. The objection came too late. *Stancill* v. *Gay*, 92 N. C., 455. This Court might permit pleadings to be filed here *nunc pro tunc* (*The Code*, § 965), but we deem it unnecessary, as it would serve no useful purpose.

The plaintiff further excepts in this Court, for the first time and *ore tenus*, on the ground of a want of jurisdiction, in that the action was instituted before the Clerk originally. This he can do—Rule 27 of this Court. But the objection is unfounded. *Donnelly* v. *Wilcox*, at this term. The Clerk has jurisdiction of settlements between guardian and ward, and of course of settlements between guardian and the ward's personal representative. *The Code*, § 1619; *McNeill* v. *Hodges*, 105 N. C., 52. But had the action been "begun wrongly before the Clerk, it having gotten into the Superior Court by appeal or otherwise, the latter has jurisdiction of the whole cause, and can make amendment of process to give effectual jurisdiction." *Capps* v. *Capps*, 85 N. C., 408; *Cheatham* v. *Cruise*, 81 N. C., 343; *Robeson* v. *Hodges*, 105 N. C., 49. The Court here in such case would amend the process if necessary. *State ex rel.*, *etc.*, v. *Telegraph Co.*, at this term; *The Code*, § 965; or might remand the case that the amendment might be made in the Court below. Where, however, a cause has been so long pending as this, without exception on that ground, it would be presumed that the requisite amendment of process had been in fact already ordered in the Superior Court.

The judgment thus modified as indicated, is affirmed. The costs of this Court will be taxed against the appellee. *The Code*, § 540.                    Modified and Affirmed.