Plaintiff alleged that the National Bank of Snow Hill was duly appointed receiver of the Snow Hill Banking and Trust Company on 9 July, 1925, and that the Snow Hill Banking and Trust Company closed its doors on 16 May, 1925. Plaintiff further alleged that the defendant, B. W. Edwards, was secretary and treasurer of the Greene County Farmers Mutual Fire Insurance Company, and was a member of the board of directors and of the finance committee of said insolvent bank; that some time before the failure of the bank said Edwards, as secretary and treasurer of the Fire Insurance Company, deposited the sum of $3,500 in said bank to the credit of the Fire Insurance Company, and shortly before the bank was closed and receiver appointed, demanded security for said deposit. Thereupon, the cashier of the bank delivered to said Edwards as security for said deposit a note under seal which was the property of the bank.
Under these allegations the plaintiff contends that the bank had no legal right to deliver the collateral security as aforesaid, and prays judgment against the defendant, B. W. Edwards, personally, the Fire Insurance Company not being made a party to the suit.
The defendant demurred upon the ground that there was no allegation that the Fire Insurance Company had committed any fraud or other wrong in accepting the security. The demurrer was overruled and the defendant appealed.
Thereafter, at the February Term, 1927, Cranmer, J., entered a judgment of nonsuit. The plaintiff contends that Judge Cranmer had no right to render a judgment in the cause by reason of the fact that a demurrer had been theretofore interposed, and the demurrer overruled and an appeal taken to the Supreme Court.
Upon disagreement of counsel the judge settled the case on appeal and the record discloses the following statement of what occurred at the trial: "This case was called for trial by the court . . . and the attorneys *Page 309 
for plaintiff consented to the hearing thereof and conceded that it was unnecessary to impanel a jury and agreed that his Honor should decide the same upon the facts. Thereupon, the trial judge heard a statement of the facts in the case in open court. His Honor inquired of counsel for plaintiff, upon these facts, if he thought he was entitled to recover, and the counsel for the plaintiff conceded that these were the facts in the case and desired that his Honor should enter such judgment as he might deem proper. Thereupon, his Honor entered a consent judgment as set out in the record. Counsel for the plaintiff assented to the procedure and form of such judgment, and no exception was at that time entered or suggested thereto. On the day after this cause was heard and determined, as set out, the counsel for the plaintiff called to the attention of the court that there had theretofore been entered in this case a demurrer, which is set out in the record, which demurrer has been overruled by his Honor, Judge Cooke, and that a notice of appeal had been given from said order, but that it appeared from the record that no appeal had been perfected, and that the time and term for which said appeal would have been required to be entered had expired, and the defendant, in open court, announced that it had not perfected any appeal, and if any answer was necessary under the procedure of the court, that the same would be filed, and his Honor ruled and allowed that such answer might be filed by the defendant as he might desire, and then called the counsel for the plaintiff's attention to the fact that he had admitted the facts to be as was stated, and upon these facts he was not entitled to recover, and this being the court's opinion, he so entered the judgment."
The plaintiff insists that the judge had no right to render a judgment in this cause because of the fact that a demurrer to the complaint had theretofore been overruled and appeal taken to the Supreme Court and no answer filed. The record shows that the appeal to the Supreme Court from judgment overruling the demurrer had not been perfected and counsel for defendant in open court announced that the appeal would not be prosecuted. Plaintiff did not move for judgment for want of an answer, but the record discloses that the plaintiff consented to the hearing thereof and agreed that his Honor should decide the same upon the facts.
In pursuance of such agreement the trial judge rendered final judgment. *Page 310 
The principle of law involved is thus stated in Peoples v. Norwood,94 N.C. 172: "The purpose of summons is to bring the parties into, and give the court jurisdiction of them, and of the pleadings, to give jurisdiction of the subject-matter of litigation and the parties in that connection, and this is orderly and generally necessary; but when the parties are voluntarily before the court, and by agreement, consent or confession, which in substance is the same thing, a judgment is entered in favor of one party and against another, such judgment is valid, although not granted according to the orderly course of procedure. Stancill v. Gay, 92 N.C. 455;McLean v. Breece, 113 N.C. 390. This judgment is
Affirmed.