MRS. GEORGE H. READ v. M. A. TURNER AND MATHILDE
S. TURNER, GUARDIAN.

(Filed 13 May, 1931.)

**1. Clerks of Court C b—Clerk of court has no power to order guardian
of lunatic to pay debt contracted prior to adjudication of lunacy.**

The clerk of the Superior Court has only such powers as are conferred
on him by statute, and his statutory powers to appoint a guardian for
one who has been adjudged a lunatic, C. S., 2285, and the provision re-
quiring such guardian to account to him in the administration of the
estate, C. S., 2183-2188, and the power of the clerk to order the guardian
to expend such sums as may be found by him necessary for the support
of the lunatic and the members of his family dependent on him, does
not give the clerk authority to order the guardian to pay debts of the
lunatic contracted prior to the adjudication of lunacy.

**2. Courts A d—Superior Court has jurisdiction to order payment of debts
of lunatic contracted before adjudication of lunacy.**

The Superior Courts in their equity jurisdiction have the power to
order debts contracted by a lunatic before his adjudication of lunacy to be
paid out of the funds in the hands of the guardian when there are funds
available after provision has been made out of the estate for the mainte-
nance of the lunatic and the dependents of his family.

**3. Insane Persons D b—Judgment creditors of insane person before ad-
judication are entitled only to prorate in funds available.**

Where a creditor has obtained judgment against his debtor before the
latter's adjudication as a lunatic, and seeks by action in the Superior
Court against the guardian to subject moneys available for the payment
of such claims to the payment of his judgment, and the guardian makes
it to appear that there are other like creditors of the lunatic, and that
the funds are insufficient to pay all claims: *Held,* a refusal by the
court of the guardian's motion to make other like creditors of the lunatic
parties to the suit, is error and the case will be remanded, the judgment
creditors being entitled only to prorate in the funds available unless
there are priorities by liens or mortgages.

APPEAL by defendants from *Harding, J.,* at Chambers in the city of
Charlotte, N. C., on 29 November, 1930. Error.

This is an action begun on 26 July, 1930, in the Superior Court of Mecklenburg County, for judgment and decree, ordering and directing the defendant, Mathilde S. Turner, guardian of M. A. Turner, a lunatic, to pay to plaintiff, out of money in her hands belonging to the estate of said lunatic, the amount due on a judgment recovered by the plaintiff of the defendant, M. A. Turner, prior to his adjudication as a lunatic.

Without objection, proceedings pending in said court, one begun by petition filed by the plaintiff herein in the action in which the judgment was recovered, and the other by petition filed by the plaintiff "In the matter of M. A. Turner, Lunatic, Mathilde S. Turner, Guardian," for the same relief as that sought herein, were consolidated with this action by order of Judge Harding, dated 29 November, 1930.

The facts alleged in the complaint in this action, and also in the petitions in said proceedings, are as follows:

1. On 21 February, 1927, in an action pending in the Superior Court of Mecklenburg County, entitled "Mrs. George H. Read *v.* M. A. Turner and M. E. Turner," judgment was rendered that plaintiff in said action recover of the defendants the sum of $3,000, with interest thereon from 11 November, 1926, and the costs of said action. This judgment is now duly docketed in the office of the clerk of the Superior Court of Mecklenburg County. No part of said judgment has been paid. The full amount thereof, with interest, is now due the plaintiff.

2. On 8 March, 1927, the said M. A. Turner was duly adjudged a lunatic by the clerk of the Superior Court of Mecklenburg County, and thereafter the defendant herein, Mathilde S. Turner, was appointed by said clerk as guardian of the said M. A. Turner. The said defendant has qualified as such guardian, and is now engaged in the performance of the duties of said guardianship. The said M. A. Turner is now insane and is confined in the State Hospital for the Insane at Morganton, N. C.

3. On 30 March, 1927, an order was made by the clerk of the Superior Court of Mecklenburg County, authorizing and directing the defendant, Mathilde S. Turner, guardian of M. A. Turner, to expend each month the sum of $400 for the support of the said lunatic and his family, the said sum to be paid out of the estate of the said lunatic, in the hands of his said guardian.

4. The said lunatic has a monthly income of $750, which is paid to his said guardian by an insurance company under the terms of its policy issued to him and in force at the date of his adjudication as a lunatic. After paying the sum of $400 monthly for the support of the said lunatic and his family, as she has been authorized and directed to do by the clerk of the Superior Court of Mecklenburg County, the defendant, Mathilde S. Turner, guardian, now has in hand a sum of money

in excess of $6,000, belonging to the estate of said lunatic. It is not necessary for the said guardian to hold or retain the said sum of money for the support of the lunatic and his family, but said sum of money is available for the payment of his debts contracted prior to his adjudication as a lunatic.

On these facts alleged in her complaint, plaintiff prays that a judgment and decree be entered in this action adjudging that she is entitled to have her judgment against M. A. Turner, lunatic, paid and discharged out of the money in the hands of the defendant, Mathilde S. Turner, guardian, ordering and directing the said guardian to pay to plaintiff out of said money the amount due on her judgment.

In her answers to the complaint in this action and to the petitions in said proceedings the defendant, Mathilde S. Turner, guardian of M. A. Turner, admits the facts to be as alleged therein, and says that she desires to disburse the money in her hands belonging to the estate of said lunatic as she may be directed to do by the court. In addition to the facts alleged in the said complaint and petition, she shows to the court:

"(a) That there are docketed in the Superior Court of Mecklenburg County ten judgments against the estate of M. A. Turner, a lunatic, a list of said judgments being attached hereto.

(b) That there are no other judgments against the estate of M. A. Turner.

(c) That all of said judgments are for indebtedness incurred by M. A. Turner prior to the date on which he was adjudged a lunatic; that there are no outstanding debts against the estate of M. A. Turner incurred since he was adjudged a lunatic.

(d) That as your respondent is informed and advised, the judgment in this cause has no priority or preference over the other judgments which have been recovered and docketed against the said M. A. Turner or said guardian; that all of said judgments have equal claim as to priority on said funds, and said funds if ordered disbursed on said judgments should be disbursed pro rata among the several judgments which have been docketed.

(e) That as your respondent is informed and believes, there are other indebtednesses claimed against her ward, M. A. Turner, by various persons or corporations; that none of said indebtedness has been reduced to judgment and no action has been brought on any such indebtedness; that so far as your respondent is advised, all of such claims or indebtedness would now probably be barred by the three-year statute of limitations; that more than three years have elapsed since the adjudication of insanity of M. A. Turner, and the appointment of your respondent as guardian of M. A. Turner, lunatic.

(f) That the funds in the hands of your respondent as guardian have been derived solely from health or disability insurance provisions in insurance policies; that it is necessary to pay the premiums on said policies in order to keep such policies in force; that loans were secured on certain insurance policies by M. A. Turner and your respondent is paying the interest on such loans; that some funds should be left in the hands of the respondent to be used for said purposes."

Attached to defendant's answer to the complaint in this action, and to her answers to the petitions in the proceedings which have been consolidated with this action, is a list of judgments docketed in the office of the clerk of the Superior Court of Mecklenburg County against M. A. Turner, or against Mathilde S. Turner, guardian of M. A. Turner, lunatic, aggregating in amount $66,129.72, showing the name of each judgment creditor, and the date and amount of each of said judgments.

After the order of consolidation had been made by Judge Harding, and when the action was called for hearing on the motion of plaintiff for judgment on the admissions in the pleadings, the defendant moved the court that all of the judgment creditors as shown on the list attached to her answers be made parties to this action, and be given leave to be heard before judgment was rendered. This motion was denied and defendant excepted.

It was thereupon considered, ordered and adjudged by the court that the defendant, Mathilde S. Turner, guardian, be and she was directed to pay off and discharge, out of the funds in her hands belonging to the estate of M. A. Turner, lunatic, the judgment of the plaintiff against the said M. A. Turner, in the sum of $3,000, with interest thereon from 11 November, 1926, and costs, together with the costs of this action, and of the proceedings consolidated herewith.

From this judgment defendant appealed to the Supreme Court.

*Shore & Townsend for plaintiff.*
*Walter Clark for defendant.*

CONNOR, J. If the judgment in this action from which the defendant has appealed is affirmed by this Court, the judgment for $3,000, with interest and costs, which the plaintiff recovered of M. A. Turner prior to his adjudication as a lunatic, will be paid in full out of his estate. The said estate, now in the hands of the defendant, as his guardian, and consisting of money, is not sufficient in amount for the like payment of the judgments of other creditors of the lunatic, whose debts were contracted also prior to the adjudication. The effect of the judgment in this action, therefore, is to give to plaintiff priority over other judgment creditors, who are not parties to this action and who had no opportunity to be heard before the judgment was rendered.

Power to appoint a guardian of a person who has been duly adjudged a lunatic (C. S., 2285), is conferred by statute in this State on the clerk of the Superior Court of the county in which such person resided or had his domicile at the date of his adjudication. C. S., 2150. Such guardian is required to give a bond or other security to be approved by a judge or by the court. C. S., 2161. The bond must be conditioned that such guardian shall faithfully execute the trust reposed in him as such, and obey the lawful orders of the clerk or judge touching the guardianship committed to him. C. S., 2162. In the administration of the estate in behalf of the lunatic, the guardian is subject to the orders of the clerk by whom he was appointed and to whom he is required by statute to account. C. S., 2183-2188. In proper cases it is the duty of the clerk to make an order authorizing and directing the guardian of a lunatic to expend from his estate such sum or sums as shall be found by the clerk are or may be required for the adequate support and maintenance of the lunatic and of the members of his family who are dependent on him. *Lemly v. Ellis,* 146 N. C., 221, 59 S. E., 683; *McLean v. Breese,* 109 N. C., 564, 13 S. E., 910; *McIlhenny v. Savings Co.,* 108 N. C., 311, 12 S. E., 1001; *Adams v. Thomas,* 83 N. C., 522, and 81 N. C., 296; *In re Latham,* 39 N. C., 231. Ordinarily, the guardian and the sureties on his bond are fully protected by the orders of the clerk, approved in proper cases by the judge, with respect to the administration of the estate of his ward.

It has been held by this Court that the clerk of the Superior Court is without power to authorize or order the guardian of a lunatic to pay out of the estate committed by the court to such guardian, debts of the lunatic contracted by him prior to his adjudication. In *Blake v. Respass,* 77 N. C., 196, it was said by *Bynum, J.:* "By the common law, as well as by statute 17 Edward II, ch. 10, which was only declaratory of the common law, the king as *parens patriæ* took charge of the effects of a lunatic, and held them, *first,* for the maintenance of him and his family, and *second,* for the benefit of his creditors, as the Court of Chancery might order from time to time." As the clerk of the Superior Court in this State has only such powers as are conferred on him by statute, and as no power has thus been conferred on the clerk to authorize or order the payment of the debts of a lunatic contracted prior to his adjudication, it follows that the clerk is without such power.

The proceedings begun by petition "In the matter of M. A. Turner, lunatic, Mathilde S. Turner, Guardian," and by petition in the action entitled, "Mrs. George H. Read v. M. A. Turner and M. E. Turner," in which the judgment for $3,000, with interest and costs, was rendered, should have been dismissed. The relief sought by the plaintiff on the facts alleged in the petitions in said proceedings can be had only in a

civil action instituted by the plaintiff against the guardian of the lunatic, in the Superior Court of Mecklenburg County. This Court by virtue of its general equity jurisdiction has power to grant the relief. *Adams v. Thomas,* 83 N. C., 521.

The plaintiff has no lien by virtue of her judgment for $3,000 on the assets of the estate of M. A. Turner, in the hands of his guardian. She acquired no lien by the commencement of this action. The defendant, Mathilde S. Turner, guardian of M. A. Turner, lunatic, was well advised when she presented to the court, in her answer to the complaint, the facts shown therein, to wit, that there were judgment creditors of M. A. Turner, other than the plaintiff, whose judgments were recovered upon debts contracted by the lunatic prior to his adjudication and prior to her appointment as guardian. On all the facts appearing in the pleadings, these judgment creditors are entitled to share pro rata in the estate of the lunatic, after adequate provision has been made for the support and maintenance of the lunatic and his dependent family. There was error in the refusal of the court to make an order that these creditors be made parties to the action, before judgment was rendered. For this error the action is remanded to the Superior Court of Mecklenburg County for further proceedings in accordance with this opinion. Before any order is made or judgment rendered in this action, the court should find that provision has been made by an order of the clerk of the Superior Court of Mecklenburg County out of his estate for the adequate support and maintenance of the lunatic and of the members of his family who are dependent on him.

We quote with approval the language of *Dillard, J.,* in *Adams v. Thomas,* 81 N. C., 296, as follows:

"Property of a lunatic put into the hands of a committee is to be regarded as *in custodia legis,* and no creditor can reach it for a preexisting debt, except through the order of the Superior Court, and that order is never made until first a sufficiency is ascertained and set apart for his own maintenance and that of his family, if minors, and this administration of the estate is based on the idea that the sovereign owes the duty to a person thus unfortunate to devote his property primarily to his maintenance and to protect him against his existing creditors, except in subordination thereto."

Where, however, adequate provision has been made for the support and maintenance of a lunatic and the dependent members of his family, out of his estate in the hands of his guardian, and there remains any part of said estate which is available for the payment of his creditors, such part of said estate should be disbursed by the guardian, under an order or judgment of the Superior Court, pro rata, among the creditors, where there are no priorities by virtue of liens or mortgages.

Error.