IN THE MATTER OF MRS. FLORENCE POPE JONES, GUARDIAN OF WILLIAM R. JONES.

(Filed 9 June, 1937.)

**Insane Persons § 9b—Issues of fact raised by pleadings on claim on contract executed by incompetent while sane must be determined by jury.**

Where the petition and answer on a claim against an incompetent's estate arising upon an alleged contract executed by the incompetent while sane raises issues of fact and law, and the cause is transferred by the clerk to the civil issue docket, the judge holding the courts of the district is without power to determine the matter at chambers in another county, and the cause will be remanded to the county in which the action is pending for determination of the issues according to law.

APPEAL by Mrs. Florence Pope Jones, guardian, from an order entered by *Williams, J.,* at Chambers in Hillsboro, N. C., 17 December, 1936. Error and remanded.

*Oscar G. Barker for appellee.*
*Jas. R. Patton, Jr., for appellant.*

DEVIN, J. Under appointment by the clerk of the Superior Court of Durham County, the appellant, Mrs. Florence Pope Jones, duly qualified as guardian of the estate of her husband, Wm. R. Jones, who was at the time and still is insane and a patient in the State Hospital at Raleigh. Subsequently, petition was filed with the clerk of the Superior Court of Durham County on behalf of Mrs. W. A. Couch and Mrs. A. C. Jones,

sister and mother of the ward, asking for an order directing the guardian to make certain payments for the support of Mrs. A. C. Jones, now 75 years of age, and residing and being cared for in the Old Ladies' Home in Durham, on allegations that contract for that purpose had been made by the ward while sane, and upon the additional ground of the dependence of the mother and the availability of sufficient funds for the purpose in the estate, under the provisions of C. S., 2296. The guardian answering, denied that any contract had been made by the ward for the support of his mother, or that there were any funds of the estate available for the purpose, denied that the income of the ward's estate was more than sufficient to defray the cost of the ward's maintenance and the support of his wife. The guardian set up the further defense that the clerk of the court was without power to determine a claim based upon the alleged contract of the ward, and that the facts were not such as to bring the case within the provisions of C. S., 2296, and that the issues raised must be decided by a jury. The clerk of the Superior Court of Durham County found that issues of fact were raised, and transferred the matter to the civil issue docket, under date of 4 December, 1936. There was no appeal from the order of the clerk to the judge.

Thereafter, at the instance of petitioner, upon notice, the cause was heard by Judge Clawson Williams, holding the courts of the Tenth Judicial District, at chambers in Hillsboro, North Carolina, 17 December, 1936. Judge Williams, from the petition and answer, found the facts substantially as alleged in the petition, and made an order directing the payment of certain sums by the guardian for the support of Mrs. A. C. Jones. To this order the guardian excepted and appealed to this Court.

Considering only the question of procedure, we are of opinion, and so decide, on the record before us, that the court below was without jurisdiction at chambers in Orange County to determine the controverted issues raised by the petition and answer in a case pending in the Superior Court of Durham County. Without deciding the other questions discussed on the argument, the cause is remanded to the Superior Court of Durham County for determination of the issues of law and fact raised by the pleadings. *Ledbetter v. Pinner,* 120 N. C., 455; *Lemly v. Ellis,* 146 N. C., 221; *Mills v. McDaniel,* 161 N. C., 112; *Read v. Turner,* 200 N. C., 773; *Hershey Corp. v. R. R.,* 207 N. C., 122; C. S., 558.

Error and remanded.