"Know all men by these presents, that I, William Shepperd, of Orange County, North Carolina, am held and firmly bound unto William Cocke in the just and full sum of £ 1333 6 8: To which payment well and truly to be made, I bind myself, my heirs, executors and administrators, firmly by these presents.
"The conditions of the above obligation are such, that whereas the above bound William Shepperd hath this day given a special warranty deed for three six hundred and forty acre tracts of land, situate, lying and being in the State of Tennessee, in Sumner county, on the waters of Hickman's creek, for which the said William Cocke hath this day paid him the sum of six hundred and sixty-six pounds, thirteen shillings and four pence: Now if it shall hereafter appear that any other person has a better right than the said Cocke, and in consequence of such better right, he shall lose the land, then the said Shepperd is to pay to said Cocke the above sum of £ 666 13 4, with lawful interest from this day; and in proportion should he lose any part thereof: Then the above obligation is to be void, otherwise to remain in full force and virtue. Witness my hand and seal this 1 February, 1802. (527)
WILLIAM SHEPPERD, (SEAL.)
Teste: H. SHEPPERD."
The declaration charged, that another person to-wit: James Mulherin, had on the 1st day of February, 1802, a *Page 324 
better right than either William Cocke or William Shepperd to one of the 640 acre tracts; and that in consequence of such better right, Wm. Cocke had lost the said tract. The Defendant pleaded that "he had not broken his covenants, and that the conditions had been performed."
The Jury found that there was a breach of the covenants as to one of the tracts of land, which William Cocke had lost by a better title thereto being in James Mulherin on 1 February, 1802. They further found that the Defendant, Shepperd, had performed the conditions contained in his obligation, by paying to the Plaintiff the sum of 437l. 10s. as and for the price of the land so lost.
Upon the trial, the Plaintiff proved that the value of the tract of land lost was on 1 February, 1802, one dollar per acre; and the value of the other two tracts mentioned in the obligation was, on that day, one, thirty-seven and a half cents, the other, twenty-five cents per acre. That at the time of bringing this suit, the value of the tract lost was five dollars per acre, and the value of one of the other tracts was one dollar and twenty-five cents, and the other, fifty cents per acre.
Neither Shepperd nor Cocke had seen the lands before 1 February, 1802, and both were ignorant of their quality. Upon these facts, the Plaintiff's counsel moved the Court to instruct the Jury that the Plaintiff was entitled to recover such a portion of the purchase money, with interest, as the value of the tract lost bore to the value of the other two tracts, at the time of commencing this suit. The Court refused to give such instructions; and thereupon it was prayed that the Court would instruct the Jury that the Plaintiff was entitled to recover, by way of damages, such a (528) proportion of the purchase money as the value of the tract lost bore to the value of the other two tracts on 1 February, 1802. This was also refused; and the Court instructed the Jury that the Plaintiff was entitled to recover so much of the purchase money, with interest, as the quantity of land lost bore to the quantity in the other two tracts, to-wit: one-third part; and it appearing that Defendant had made payment to the Plaintiff of this amount, the Jury found, as to this point, for the Defendant. A rule for a new trial was obtained by the Plaintiff; which being discharged, he appealed to the Supreme Court; and the Judges here were divided in opinion: HALL and HENDERSON, Judges, being of opinion that the presiding Judge had erred in instructing the Jury, and that the rule for a new trial should be made absolute. TAYLOR, Chief Justice, contra. *Page 325 
I have no hesitation in saying, that where a bargainee is evicted of part of the land which he has purchased, he is entitled to recover the value of such land, reference being had to its value at the time of the purchase. Thus, if A. purchase a tract of land of B. for one hundred dollars, and fifty acres of the tract be worth one dollar and a half per acre, and the other fifty acres be worth fifty cents per acre, and A. be evicted of the first fifty acres, he shall recover one dollar and a half per acre; and if he be evicted of the other fifty acres, he shall recover only fifty cents per acre, if the value of the whole land purchased was at the time of the purchase, one hundred dollars. At first, I doubted what the contract between the parties in this case really was: on consideration, however, it appears to be, that in case of eviction, by a better title, of the whole of the land sold, the purchase money, with the interest, should be returned; and the words "and so in proportion, should he lose any part thereof," mean value as well as quantity, and therefore, that the Plaintiff is entitled to recover the value of the land lost in reference to the money (529) given for the whole: that is, if the value of the land lost be less than the average value of the other two tracts, the Plaintiff should recover less; if more, he should recover accordingly. I think the rule for a new trial should be made absolute.