Pearson. J.
 

 John Moore, who died in 1826, devised the land, sued for, to his son Adolphus for life, “and after his death to the heirs of his body, to
 
 be equally divided between them, to them and their heirs forever
 
 and if he dies
 
 “
 
 without heirs of his body,
 
 living at the time of his death,"
 
 then to his daughter Sally Matilda.
 

 
 *129
 
 Adolphus took only an estate for life. The rule in
 
 Shelley's case
 
 does not apply.
 

 This point is settled
 
 bj Jones
 
 v
 
 Ward,
 
 5 Ire. Eq. 400, where the matter is fully discussed and the cases reviewed. Indeed, this is a plainer case; for, there, no words of inherb tauce were added to the estate of the issue, and it was necessary to supply them, by inference from the act of 1784, ch. 204, sec. 12. Here, the words are added by the will. Then, it'was necessary to supply the words,
 
 “ living at the time of his death”
 
 by inference from the act of 1784; here, the words are added by the will.
 

 Adolphus Moore, having only an estate for life, his warranty does not bar or rebut the lessor of the plaintiff; for she claims by purchase, and not by descent. By the Rev. Stat. ch. 43 — sec. 8, it is provided, that all warranties made ■by a tenant for life, descending or coming to any person in
 
 remainder
 
 or reversion, shall be void and of no effect. This is are-enactment of 4 Ann. Ch. 16, Sec. 21.
 

 We also concur with his Honor upon the question, as to the presumption of death, when one has been absent or not heard of for more than seven years. The circumstance, that, during the term, there was a rumor of his being alive, which proved upon investigation to be wholly without foundation, tended rather to confirm, than to weaken the presumption; for, it thus appeared, that diligent enquiry had been made after him.
 

 Per Curiam. Judgment affirmed.