RIDDICK v. FARMERS' LIFE ASSOCIATION.

(Filed March 10, 1903.)

1. INSURANCE—*Certificate of Membership—Annual Dues—Beneficial Association.*

Where the losses of a beneficial association were paid from assessments, and the certificate provided that annual dues should amount to a certain sum and should be paid on a certain day, and an agent soliciting for the association told insured that he would have 20 days' notice "of anything to be paid under the policy," such statement did not cover annual dues, but referred merely to such things as were uncertain, such as assessments for losses.

2. APPEAL—*Exceptions and Objections—Findings of Court.*

Where no exception is taken in the trial court to findings of fact as not being supported by any evidence, such objection will not be considered on appeal.

ACTION by W. A. Riddick, wife of John A. Riddick, against the Farmers' Life Association, heard by Judge *George H. Brown* at October Term, 1902, of the Superior Court of

PITT County.    From a judgment for the defendant the plaintiff appealed.

*Fleming & Moore,* for the plaintiff.
*Jarvis & Blow,* for the defendant.

MONTGOMERY, J.    The defendant is a Benevolent Life Insurance Association, having no capital stock and no stockholders.    Its officers are the president, vice-president, secretary and treasurer.    The secretary alone receives compensation for his services.    Two meetings in each year, one in January and one in August are provided for by the Articles of Confederation and the meetings are participated in by such of the members as choose to attend.    The policy of insurance is a simple certificate of membership, in which it is agreed that the connection is to continue as long as the annual dues and the assessments are paid, and that upon the death of the certificate holder, the beneficiary shall be entitled to the amount named therein to be raised by an assessment upon all the other members.    Each member is required to pay two dollars upon entrance, one dollar as annual dues to be paid at or within thirty days after each annual meeting (for contingent expenses) and such assessments as shall be levied to pay death losses.

The insured entered into the association as a member on the 12th of December, 1899, and paid the initiation fee.    He died on December 17, 1901, not having paid the annual dues for 1901.    On the back of the certificate of membership, the articles of confederation of the association were printed, one of which reads as follows: "Each member shall pay one dollar as annual dues.    The annual dues shall be to defray all contingent expenses of the association.    The annual dues must be paid at or within thirty days after each annual meeting."    And Article 8 provides that any member who fails to pay dues and assessments, as required, shall forfeit member-

ship and not be reinstated until all delinquencies are paid. The Articles of Confederation do not require notices to be sent out by the secretary to the members for the payment of the annual dues. The secretary however had established a custom of sending out such notices, but there was no evidence that the insured knew of such custom.

It would seem from the above findings of fact made by his Honor by consent, that the insured had forfeited his membership in the Association by his failure to pay the annual dues of 1901. But the plaintiff insists, under a certain one of the findings of fact made by his Honor, to-wit, that at the time of the issuing of the certificate of membership the agent who issued it and solicited for the defendant told the insured that he would have twenty days notice of anything to be paid under the policy, that as it was admited that no notice was sent by the secretary to the insured calling for the annual dues of 1901, the membership and policy of the insured ought not to be forfeited. The contention is that the agreement that the insured should have twenty days notice of anything to be paid under the policy is strong enough to cover the annual dues, as well as assessments to cover losses caused by death. His Honor thought otherwise and we are of the same opinion. We think that the natural construction of the words "anything to be paid under the policy" is such things as are uncertain and to be fixed in the future, as assessments for losses. There was no need for notice to pay the annual dues, for that notice was always with the insured, printed plainly on the back of his certificate of membership. The times of the annual meetings, in which he had the right to participate and was expected to participate in, were also printed in the articles on the back of the certificate, and he was expected to take his annual dues with him to the meeting or to send them within thirty days aferwards in case he did not attend.

In Bacon's Benefit Societies and Life Insurance, section 389, the author says: "In some associations not consisting of local and grand lodges, a stated sum is to be paid annually or oftener in addition to assessments on death claims for the expenses of the organization. The first class of contributions, of which we have already treated, is called "assessments," the second is known as "dues." The laws of the orders provide that the dues be paid by each member at certain times without notice, and no action of the lodge or its officers is required to make them due and payable. . . . If non-payment of the dues works a forfeiture, the provisions of the laws are to be strictly construed. Non-payment of dues however, if so stipulated, will of itself work a forfeiture." The articles of the defendant association require notices of assessments to be given, but we have seen the difference between the rules governing the payment of annual dues and those governing assessments. The authorities cited by the counsel of the plaintiff bear upon the payment of assessments and not upon the payment of annual dues. The plaintiff's counsel insisted here that his Honor's finding of fact that the defendant's meeting in January of each year and not the meeting of August was the time at which the annual dues were payable, was made without any evidence to support the finding. However that may be that exception was not taken in the court below and we cannot consider it.

We find no error and the judgment must be affirmed.

Affirmed.