## W. A. LEMLY v. W. B. ELLIS.

(Filed 4 December, 1907).

1. **Deeds and Conveyances — Warranty, Defective — Consideration, Entire—Title Paramount—Measure of Damages—Instructions.**

Action for breach of warranty in sale and conveyance by defendant to plaintiff of several tracts of land for an entire consideration, and the title to one of the tracts was defective: *Held*—1. The rule for estimating plaintiff's damages is the proportion that the value of the land covered by title paramount bears to the whole, estimated on the basis of the actual consideration paid. 2. If a good title has been procured by the vendee, the basis for the correct apportionment would be the amount reasonably paid to buy in the outstanding title, not exceeding the purchase money. 3. It was error in the court to charge the jury to make the apportionment on the basis of the actual value of the land, when there was evidence tending to show that the actual value exceeded the amount of the consideration.

2. **Attachment — Insane Persons — Support of Family, Provisions Therefor—Creditors.**

When it appears at the time of final entry appropriating the funds that the defendant is insane, a resident of another State and being taken care of there; that his wife and child are residents of North Carolina, for whose support the defendant had otherwise provided, and that defendant's creditors have attached certain of his property here for the payment of this debt to them, the property attached will not be set aside for the support of the wife and child.

CIVIL ACTION to recover damages for breach of warranty arising in sale and conveyance of land, tried before *Ferguson, J.,* and a jury, at March Term, 1907, of the Superior Court of FORSYTH County.

There was a verdict for the plaintiff and judgment on the verdict, and defendant excepted and appealed.

*Manly & Hendren* for plaintiff.
*Lindsay Patterson* for defendant.

HOKE, J.   This case was before us on a former appeal, and was sent back for a new trial of the issue as to damages.  See

*Lemly v. Ellis,* 143 N. C., 200.   The action was for breach of warranty, in the sale and conveyance of realty, on the part of defendant to plaintiff, and it appears that defendant sold and conveyed to plaintiff eight tracts of land for an entire consideration of $37,000, a part of which was in money and another part in bonds.   The title to one of the tracts proving to be defective, the present action was instituted and, defendant being a nonresident, an attachment was issued and levied on $16,000 of bonds as the property of defendant and which were at the time in possession and control of plaintiff.   The consideration being entire, and the title to one of the tracts having proved defective, the correct rule for estimating the plaintiff's damages is the proportion that the value of the land covered by title paramount bears to the whole, estimated on the basis of the consideration paid, the real consideration; or, if a good title has been procured by the vendee, the basis for the correct apportionment would be the amount reasonably paid to buy in the outstanding title, provided such amount did not exceed the purchase money.   *Price v. Deal,* 90 N. C., 295; Woods Mayne on Damages (1st Amer. Ed.), pp. 285, 286.

Under the charge of his Honor, by fair intendment, the jury were directed to make the apportionment on the basis of the actual value of the land, and in this there was error, to defendant's prejudice, for there was some evidence tending to show that the actual value exceeded the amount of the consideration.

Defendant further excepts to the refusal of the court below to set aside a portion of the attached property for the support of defendant and his family, it having been made to appear that defendant is now insane and has a wife and infant child resident in the State, and there being evidence tending to show that defendant is insolvent.   It is an established principle with us that the property of an insane person, certainly where same is in custody of the court, will not be applied to

the payment of his general indebtedness, as distinguished from claims for his present maintenance, until a sufficient fund is set aside for the support of the lunatic and his family, including his wife and infant children, who are a part of his household. *In re Latham,* 39 N. C., 231; *Adams v. Thomas,* 81 N. C., 296; *Adams v. Thomas,* 83 N. C., 52. In *Latham's case* the doctrine and the reason upon which it rests is stated by *Daniel, J.,* as follows: "But the better opinion is, that the said statute was not introductive of any new right, but was only declaratory of the common law. *Beverly's case,* 4 Steph., 126, 127; Ves. Jr., 71; Bac. Abr., title Idiots and Lunatics, C., Shelford, 12. And we take it that the King, as *parens patriæ,* by the common law, had the protection of all his subjects, and that in a more particular manner he is to take care of all those who, by reason of their imbecility and want of understanding, are incapable of taking care of themselves. Bac. Abr. Idiots and Lun. C. All the lunatic's estate has been converted into money, and only the sum of $942.14 is now within the reach of this Court. We think that this fund must be retained by the committee, not to pay his balance or the debts of any of the creditors, but for the purpose of maintaining the lunatic and his wife and infant children. That the court must reserve a sufficient maintenance for the lunatic before making an order for payment of debts, or allowing to the committee sums already applied by him to that purpose, is clear from the nature of the jurisdiction in lunacy, as well as from the decisions. In *Ex parte Hastings,* 14 Ves., 182, *Lord Eldon* said he could not pay a lunatic's debts and leave him destitute, but must reserve a sufficient maintenance for him; and in *Tally v. Tally,* 22 N. C., 385, that case is cited with approbation by this Court. With respect to the maintenance of the wife and such of the children as, from tenderness of age or other causes, are dependent upon the parent, this Court, in *Brooks v. Brooks,* 25

N. C., 389, gave the opinion that, though it was not mentioned in our statute, it was a proper charge upon the lunatic's estate—it not preventing the maintenance of the lunatic himself—upon the ground that the lunatic himself was chargeable with it; and, among the demands on his estate to be provided for by order of the court, none can be more meritorious, certainly, and no disposition of the lunatic's estate is so likely to promote the comfort and due care of the lunatic himself. Both the decisions and the legislation on the subject, of like import, give clear indications that the duty is enjoined in the proper care of unfortunates who are citizens or resident within the jurisdiction. And a further consideration of the question will require that the doctrine be modified or be further applied and expressed, to the effect that the just and lawful demands of creditors should not be stayed or denied them, when it is made to appear that the care and support of the lunatic and his family are otherwise provided for, such provision belonging to them as of right, and not arising from the private bounty or charity of others.

On the first trial of this case the Judge below was correctly advertent to the modification suggested, and rendered judgment directing an application of the property attached, and its proceeds, to the judgment, after hearing evidence and finding that the defendant himself was a resident of the State of New York and being cared for in a hospital there for the insane, and that his wife, a resident in Winston, N. C., with an infant child, aged about thirteen years, had property, conveyed to her by defendant, to the value of at least $10,000, and affording an annual income of about $1,200. It may be well to note that the time when the facts and circumstances pertinent to this question should be ascertained and declared is when the judgment is finally entered appropriating the funds, and it may be that a new inquiry should be had. But, if these or substantially similar conditions exist when the judgment is rendered, we think that the plaintiff should be

allowed to have judgment appropriating the property attached to the amount he may recover.

For the error in the charge there will be a new trial on the issue as to damages, and it is so ordered.

New Trial.