### J. W. CAMPBELL ET ALS. v. L. W. SHAW ET ALS.

(Filed 24 November, 1915.)

**Deeds and Conveyances—Warranty—Breach of Part—Measure of Damages.**
Where land is sold and conveyed and the title to a part thereof fails, in an action for breach of warranty and seizin the damage recoverable is the value of the proportionate part of the lot to which the title failed, based upon the consideration paid for the whole thereof; and the fact that the land was worth greatly in excess of the purchase price can have no bearing on this issue.

APPEAL by defendants from *Lane, J.,* at March Term, 1915, of MECK-LENBURG.

*Osborne, Cooke & Robinson for plaintiffs.*
*Brevard Nixon for defendants.*

CLARK, C. J. This is an action for damages for breach of warranty and covenant of seizin. The purchase price paid for the whole lot, 198 feet by 56 feet, was $1,900. There was a failure of title and breach of covenant of seizin as to a part thereof, 38 feet in length by 56 feet in width. The contention of the defendant is that, inasmuch as the purchase price paid was $1,900 and that part of the lot as to which the title is uncontroverted is worth $2,650, therefore the plaintiff suffered no damages. This argument hardly requires consideration. It is true that in an action of damages for breach of warranty and of covenant of seizin as to the whole lot the measure of damages is the purchase price. It follows, therefore, that if there is a defect as to any part of the lot the measure of damages is that part of the purchase money which was paid for that part of the lot the title of which was defective. *West v. West,* 76 N. C., 46, 48.

Where there is a failure of title to a part of the land, or a partial breach of the covenant of seizin, the rule is thus stated: "The measure of damages for breach of warranty of title to land is the proportion that

the value of the land to which title fails bears to the whole consideration paid. That is, the proportion of the value of the land as to which the title fails bears to the whole, estimated on the basis of the consideration paid." *Lemly v. Ellis,* 146 N. C., 221. If the vendee has procured a good title to remedy the defect his damages are the amount reasonably paid for buying the outstanding title, not exceeding the original *pro rata* of the purchase money for that part of the land. It would be error to take the basis of the present actual value of the land when there is evidence that the actual value exceeds the consideration. *Price v. Deal,* 90 N. C., 291; *Banks v. Glenn,* 68 N. C., 36; *Dickens v. Shepperd,* 7 N. C., 526.

The jury, in consideration of all the evidence, found that the value of the proportionate part of the lot as to which the title failed, on the basis of the $1,900 purchase money for the entire lot, was $450. This was based, not upon the proportion of the area, but upon the proportion in value of that part of the lot to which the title is defective to the entire purchase money. Though no witness fixed the exact amount of damages at $450, the jury had to draw their own inferences from all the evidence. We do not find it necessary to consider the other exceptions, which are based more or less upon the proposition already discussed.

No error.