DEVIN, J., took no part in the consideration or decision of this case.
This is an action (1) to recover of the defendants I. R. Williams and his wife, Lenoir M. Williams, and of the defendant Myrtle Warren Draughon, wife of Robert A. Draughon, the amount due on a note for $3,000, executed by the defendants I. R. Williams and his wife, Lenoir M. Williams, payable to the plaintiff Atlantic Joint Stock Land Bank of Raleigh, and assumed by the defendant Myrtle Warren Draughon; (2) for a decree that the sum of $275.00 paid by the defendant Peoples National Fire Insurance Company of Delaware, and now held in trust by the plaintiff Atlantic Joint Stock Land Bank of Raleigh, be applied as a payment on said note; and (3) for a decree foreclosing all equities of redemption of the defendants in and to the lands conveyed by the defendants I. R. Williams and his wife, Lenoir M. Williams, by a deed of trust to secure said note.
At the trial, by stipulation filed in the record, the parties to the action admitted:
1. That on 1 March, 1928, the plaintiff Atlantic Joint Stock Land Bank of Raleigh, in consideration of the sum of $5,250, conveyed to the defendant I. R. Williams, by deed containing the usual covenants of warranty, a tract of land containing 142 acres and fully described in the complaint in this action. *Page 105 
2. That on 1 March, 1928, the defendants I. R. Williams and his wife, Lenoir M. Williams, paid the plaintiff Atlantic Joint Stock Land Bank of Raleigh the sum of $2,250 in cash, and executed to said plaintiff their note for $3,000, with interest from date at the rate of six per cent per annum, both principal and interest being payable in 65 semiannual installments of $105.00 each, due on 1 September and 1 March each year, successively, for the balance due on said purchase price, which note was secured by a deed of trust on said land.
3. That on 28 March, 1928, the defendants I. R. Williams and his wife, Lenoir M. Williams, in consideration of the sum of $6,500, conveyed the said land, by deed containing the usual covenants of warranty, to the defendant Myrtle Warren Draughon, wife of the defendant Robert A. Draughon.
4. That the defendant Myrtle Warren Draughon paid to the defendants I. R. Williams and his wife, Lenoir M. Williams, the sum of $3,500, and for the balance of said consideration assumed the payment of the $3,000 note secured by the deed of trust executed by the defendants I. R. Williams and wife, relying upon the deeds and covenants therein for a good and indefeasible title in fee simple to said land; the said assumption was contained in the deed from the defendants I. R. Williams and wife, Lenoir M. Williams, to the said Myrtle Warren Draughon, and is in the following words:
"As a part of the consideration of this deed, the said party of the second part does assume the payment of a certain note in the sum of $3,000, executed by I. R. Williams and his wife, to the Atlantic Joint Stock Land Bank of Raleigh, which note is secured by a deed of trust executed by I. R. Williams and wife to the said Atlantic Joint Stock Land Bank of Raleigh, recorded in Book 3, page 246, office of the register of deeds of Sampson County."
5. That said Atlantic Joint Stock Land Bank of Raleigh ratified said assumption agreement and thereafter collected from the defendant Myrtle Warren Draughon and her husband, Robert A. Draughon, the installments falling due on said note and deed of trust until 1 March, 1932, when the said defendants Myrtle Warren Draughon and her husband, Robert A. Draughon, refused to pay said installment and certain taxes due on said land, claiming a defect in the title thereto.
6. That on 30 October, 1931, a tenant house located on said land was destroyed by fire, and the defendant Peoples National Fire Insurance Company of Delaware issued its draft payable to Myrtle W. Draughon and the Atlantic Joint Stock Land Bank of Raleigh, for the sum of $275.00, in settlement of the loss sustained by the destruction of said tenant house; that at the time of said fire and of the issuance of said draft, the defendants had paid all installments due on said $3,000 note; *Page 106 
that the taxes on said land for the years 1929, 1930, and 1931 were unpaid; that the defendants Myrtle W. Draughon and her husband made demand upon the plaintiff Atlantic Joint Stock Land Bank of Raleigh that said sum of $275.00 be applied to the payment of the cost of rebuilding said tenant house as provided in the deed of trust by which the note for $3,000, which had been assumed by the defendant Myrtle W. Draughon, was secured; that said plaintiff refused to comply with said demand, or to rebuild said tenant house; that said plaintiff collected said draft on 14 July, 1932, at which time an installment on said note was due and unpaid, and applied the proceeds of said draft as a payment on said note; that the deed of trust by which said note is secured contains a provision as follows:
"In case any insured building or improvements on said premises are destroyed or damaged by fire or windstorm, the sum from said insurance may, at the option of said parties of the first part, be applied either to the payment of the note secured by this deed of trust, or subject to the regulations of the Federal Farm Loan Board and under the direction of the Atlantic Joint Stock Land Bank of Raleigh, its successors and assigns, to the reconstruction of the building or improvements so destroyed or damaged."
7. That this action was instituted by plaintiffs on 9 June, 1932, against all the defendants, alleging default in the payment of said note and deed of trust, and failure to pay certain taxes due on the land conveyed by said deed of trust, and asking judgment against the defendants I. R. Williams and his wife, Lenoir M. Williams, and the defendant Myrtle W. Draughon on said note, for the foreclosure of the deed of trust by which the said note is secured, and for the sale of said lands by a commissioner to be appointed by the court.
8. That the defendants I. R. Williams and his wife, Lenoir M. Williams, and Myrtle W. Draughon and her husband, Robert A. Draughon, filed an answer to the complaint, alleging defect in the title to the land conveyed by the plaintiff Atlantic Joint Stock Land Bank of Raleigh, to the defendant I. R. Williams, and subsequently by the said I. R. Williams and his wife, Lenoir M. Williams, to the defendant Myrtle Warren Draughon, wife of Robert A. Draughon.
9. That on 6 October, 1932, one Jennie Jackson instituted a proceeding in the Superior Court of Sampson County, to recover a one-third undivided interest in said land; that the plaintiffs and the defendants were made parties to said proceeding; that the defendants Myrtle W. Draughon and her husband filed an answer in said proceeding alleging that they had made valuable improvements on said lands, enhancing its usable value in the sum of $1,500, and giving notice to the plaintiff bank and the defendants I. R. Williams and his wife, Lenoir M. Williams, to *Page 107 
appear and defend the title to the land which they had warranted to the said Myrtle W. Draughon; and that thereupon the plaintiff bank and the defendants I. R. Williams and his wife, Lenoir M. Williams, assumed the defense of said title in said proceeding.
10. That on 11 December, 1933, the said Jennie Jackson recovered judgment in said proceeding for a one-third undivided interest in said land, and was thereafter allotted 55.6 acres as her share of said land; that said share is in the middle of said tract of land, leaving the shares of the defendant Myrtle W. Draughon at the two ends of said tract of land; and that the said defendant has been evicted from the share of said land allotted to the said Jennie Jackson.
11. That neither the plaintiff Atlantic Joint Stock Land Bank of Raleigh nor the defendants I. R. Williams and his wife, Lenoir M. Williams, filed exceptions to the report of the commissioners appointed by the court to partition said land; and that the partition has been duly confirmed.
In response to issues submitted by the court, the jury found that the defendants I. R. Williams and his wife, Lenoir M. Williams, are entitled to recover of the plaintiff Atlantic Joint Stock Land Bank of Raleigh, as damages for the breach of its warranty of the title to the land conveyed by said plaintiff to the defendant I. R. Williams, the sum of $1,750, and that the defendant Myrtle W. Draughon is entitled to recover of the defendants I. R. Williams and his wife, Lenoir M. Williams, as damages for the breach of the warranty in the deed from the said defendants to the said Myrtle W. Draughon, the sum of $2,166.60.
On the admissions in the record and the verdict of the jury, it was adjudged by the court that plaintiff Atlantic Joint Stock Land Bank of Raleigh recover of the defendant Myrtle W. Draughon, as principal, and of the defendants I. R. Williams and his wife, Lenoir M. Williams, as sureties, the sum of $300.00, with interest and costs. It was further ordered that upon default in the payment of the judgment in this action, the land described in the complaint be sold by a commissioner appointed for that purpose, and that said commissioner report his proceedings under the decree to the court.
From the judgment rendered by the court the defendants I. R. Williams and his wife, Lenoir M. Williams, and Myrtle W. Draughon and her husband, Robert A. Draughon, appealed to the Supreme Court, assigning errors in the trial and in the judgment.
For the purpose of determining the amount for which the plaintiff Atlantic Joint Stock Land Bank of Raleigh is entitled to judgment in this action the court applied as a credit on the note executed by the defendants I. R. Williams and his wife, Lenoir M. Williams, and assumed by the defendant Myrtle W. Draughon, the amount of the damages, as found by the jury, for which the plaintiff is liable to its grantee, I. R. Williams, by reason of the breach of the covenants in its deed to said grantee, and declined to apply as such credit the amount of the damages, as found by the jury, for which the defendants I. R. Williams and his wife are liable to their grantee, the defendant Myrtle W. Draughon, by reason of the breach of the covenants in their deed to said grantee. In this there was no error.
In Campbell v. Shaw, 170 N.C. 186, 86 S.E. 1035, it is said: "Where there is a failure of title to a part of the land, or a partial breach of the covenant of seizure, the rule is thus stated: `The measure of damages for breach of the warranty of title to land is the proportion that the value of the land to which title fails bears to the whole consideration paid. That is, the proportion of the value of the land as to which the title fails bears to the whole, estimated on the basis of the consideration paid. Lemly v. Ellis, 146 N.C. 221.' If the vendee has procured a good title to remedy the defect his damages are the amount reasonably paid for buying the outstanding title, not exceeding the original pro rata of the purchase money for that part of the land. It would be error to take the basis of the present actual value of the land where there is evidence that the actual value exceeds the consideration. Price v. Deal, 90 N.C. 291;Bank v. Glenn, 68 N.C. 36; Dickens v. Shepperd, 7 N.C. 526."
The judgment in this action is affirmed.
No error.
DEVIN, J., took no part in the consideration or decision of this case.