H. L. SPRINKLE AND WIFE, OLIE SPRINKLE; H. C. SPRINKLE AND WIFE, SIBIL SPRINKLE; J. T. SPRINKLE AND WIFE, LULA SPRINKLE, v. CITY OF REIDSVILLE, A MUNICIPAL CORPORATION, AND MRS. MINNIE V. PETTIGREW, WIDOW; B. F. SPRINKLE, UNMARRIED; R. L. SPRINKLE AND WIFE, LILLIAN SPRINKLE; MRS. JUANITA KIMSEY, WIDOW; REGINALD F. SPRINKLE AND WIFE, ANNIE YOUNG SPRINKLE, AND PHILIP E. SPRINKLE AND BENJAMIN F. SPRINKLE, EXECUTORS OF THE ESTATE OF IDA A. SPRINKLE.

(Filed 27 February, 1952.)

**1. Appeal and Error § 6c (3)—**

The sufficiency of the evidence to support the court's findings of fact is not presented when there are no exceptions to any of the findings.

**2. Appeal and Error § 6c (1)—**

Review is limited to those questions presented by appropriate exceptions duly taken and preserved.

**3. Appeal and Error § 39e—**

An exception to certain testimony of a witness is lost when the witness thereafter gives virtually the same testimony without objection.

**4. Appeal and Error § 40i: Trial § 21½—**

Where motion to nonsuit is not renewed after defendant introduces evidence, the question of the sufficiency of the evidence is not presented for review. G.S. 1-183.

**5. Appeal and Error § 6c (2)—**

An exception to the signing of the judgment does not bring up for review the findings of fact or the evidence upon which they are based, but only whether error appears on the face of the record.

**6. Deeds § 13b—**

A deed to a married woman for life or widowhood, remainder in fee to the "heirs" of her husband does not convey a fee to the first taker, but only a life estate with remainder to the children of the marriage, theretofore and thereafter born, who become entitled to actual enjoyment immediately upon the death of the wife, G.S. 41-6, "heirs" being construed as children in such instance.

**7. Estoppel § 1—**

Where land is conveyed to a person for life, remainder to her children, a deed in fee with full warranty executed by the life tenant does not bar the claim of the remaindermen who, in such instance, take by purchase and not by descent. G.S. 41-8.

**8. Adverse Possession § 4i—**

The statute of limitations cannot begin to run against remaindermen until the death of the life tenant. G.S. 1-38.

**9. Deeds § 17—**

In an action involving title to land, a defendant asserting title under a deed, but praying for an alternative judgment against its grantor for dam-

ages for breach of covenant of title in the event the question of title is adjudicated against it, but not alleging that its grantor was without title or facts showing an ouster or a cross-action or counterclaim for breach of the covenant of warranty and without anything before the court indicating damages recoverable, may not complain, upon adjudication of title adverse to it, of the ruling of the trial court that its claim for breach of covenant of warranty could not be determined in the cause.

APPEAL by defendant, City of Reidsville, from *Rousseau, J.,* at the October Term, 1951, of the Superior Court of ROCKINGHAM County.

Civil action involving title to a parcel of land in Reidsville, Rockingham County, North Carolina.

For convenience of narration, H. L. Sprinkle, H. C. Sprinkle, and J. T. Sprinkle, are herein called the plaintiffs, and Mrs. Minnie V. Pettigrew, B. F. Sprinkle, R. L. Sprinkle, Mrs. Juanita Kimsey, and Reginald F. Sprinkle are herein designated as the individual defendants.

The plaintiffs and the individual defendants, on the one side, and the corporate defendant, the City of Reidsville, on the other, make conflicting claims to fee simple ownership of the land in dispute. Although its answer alleges with positiveness that it is the absolute owner of the land in controversy and seeks judgment accordingly, the City of Reidsville prays for an alternative judgment against the executors of its grantor, Ida A. Sprinkle, for damages for breach of the covenants of title in its deed in the event the court adjudges title to the land in question "is vested in the heirs of B. F. Sprinkle and not in the City of Reidsville." The executors, who have been made parties defendant at the instance of the City of Reidsville, answered, praying "that they go without day."

When the cause came on for hearing on its merits, the parties waived trial by jury and presented their testimony to the presiding judge, who made extensive findings of fact. The essential findings are epitomized in the eight numbered paragraphs set forth below.

1. The land in dispute consists of 3.42 acres, and is a composite of parts of a four acre tract formerly owned by Sallie A. Brent and Mary A. Payne, and a five acre tract formerly owned by William Lindsey and his wife, Eugenia Lindsey.

2. The respective former owners made deeds on 24 May and 8 October, 1900, conveying the four and five acre tracts to Ida A. Sprinkle for life or widowhood with remainder over in fee simple "to the heirs of B. F. Sprinkle," the then living husband of Ida A. Sprinkle. All of the children of B. F. Sprinkle hereinafter named, except two, were born prior to the execution of these deeds.

3. On 2 September, 1919, Ida A. Sprinkle and her husband, B. F. Sprinkle, made a deed to the City of Reidsville, whereby they purported to convey the land in dispute and an additional .38 of an acre to the

City of Reidsville in fee simple with covenants of seizin, right to convey and warranty, and whereby they acknowledged receipt of $1,500.00 from the City of Reidsville as the consideration for the deed. All parties concede that this deed vested absolute ownership of the additional .38 of an acre in the City of Reidsville.

4. The City of Reidsville has had exclusive and uninterrupted possession of the land in dispute under its deed from Ida A. Sprinkle and husband, B. F. Sprinkle, since 2 September, 1919.

5. B. F. Sprinkle died on 16 February, 1938, leaving him surviving his widow, Ida A. Sprinkle, and his nine children, namely: H. L. Sprinkle, H. C. Sprinkle, J. T. Sprinkle, Mrs. Minnie V. Pettigrew, B. F. Sprinkle, R. L. Sprinkle, Philip E. Sprinkle, Mrs. Juanita Kimsey, and Reginald F. Sprinkle.

6. Ida A. Sprinkle died testate on 4 April, 1949, without having remarried. Her executors are Philip E. Sprinkle and Benjamin F. Sprinkle.

7. On 10 March, 1950, Philip E. Sprinkle conveyed whatever interest he had in the land in dispute to his sister, Mrs. Minnie V. Pettigrew.

8. This action was commenced on 7 December, 1950.

The presiding judge drew conclusions of law from the facts found by him, and entered a final judgment consonant with his legal conclusions. The judgment makes these adjudications: (1) That the plaintiffs and the individual defendants own the land in dispute in fee simple and are entitled to its immediate possession; (2) that the claim of the corporate defendant, the City of Reidsville, against the executors of Ida A. Sprinkle cannot be determined in this cause, but the corporate defendant is at liberty to assert such claim against the executors in another action; and (3) that the executors are liable for the costs of the present action.

The defendant, the City of Reidsville, excepted to the judgment and appealed to the Supreme Court, assigning errors as set forth in the opinion.

*Rufus W. Reynolds and J. C. Johnson, Jr., for plaintiffs, appellees.*

*Scurry & McMichael for corporate defendant, the City of Reidsville, appellant.*

*P. T. Stiers for individual defendants and executors, appellees.*

ERVIN, J. In its written brief and oral argument, the appellant follows the precedent set by the Walrus in Lewis Carroll's pleasing fantasy entitled "Through the Looking-Glass."

> "The time has come," the Walrus said,
> "To talk of many things:
>   Of Shoes—and Ships—and sealing-wax—

Of cabbages—and Kings—
And why the sea is boiling hot—
And whether pigs have wings."

As a consequence, the appellant debates many intriguing legal propositions not sanctioned by the exceptions noted by it at the trial. For example, it asserts with much earnestness and eloquence that the testimony of the plaintiffs does not suffice to support the findings of fact of the presiding judge. This interesting question is not before us. The appellant did not except to any of the findings. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51, 174 A.L.R. 643; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; *Riddick v. Farmer's Life Association,* 132 N.C. 118, 43 S.E. 544. Moreover, as hereafter appears, the assignment of error based on the denial of its motion for a compulsory nonsuit is legally ineffectual.

Under the rules of practice in this Court, the questions arising on an appeal are those defined by appropriate exceptions taken by the appellant in the Superior Court. Rules 19 (3) and 21, 221 N.C. 554, 558; *Wilson v. Beasley,* 192 N.C. 231, 134 S.E. 485; *Harrison v. Dill,* 169 N.C. 542, 86 S.E. 518.

The City of Reidsville noted exceptions in the court below to the admission of certain testimony tendered by the plaintiffs, to the denial of a motion for a compulsory nonsuit made by it at the close of the plaintiffs' evidence, and "to the rendering and signing of the judgment."

An examination of the record shows that there can be no reasonable doubt of the propriety of any of the challenged rulings admitting testimony except those permitting the plaintiffs' surveyor, A. N. Mattocks, to testify as to the location of the parcels of land mentioned in the findings of fact. The appellant lost the benefit of the exceptions covering the receipt of this particular evidence, however, by allowing the same witness to give virtually the same testimony without objection in other portions of his examination. *Price v. Whisnant,* 232 N.C. 653, 62 S.E. 2d 56; *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844; *White v. Disher,* 232 N.C. 260, 59 S.E. 2d 798.

A somewhat similar observation applies to the exception to the denial of the motion for compulsory nonsuit. The appellant moved to nonsuit at the close of the plaintiffs' evidence, the motion was refused, and the appellant noted the exception in question. The appellant thereafter introduced evidence, and neglected to renew its motion for nonsuit at the conclusion of all the evidence. The statute expressly provides that "if the defendant introduces evidence he thereby waives any motion for dismissal or judgment as of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as

ground for appeal." G.S. 1-183 as rewritten by Chapter 1081 of the Session Laws of 1951.

The remaining exception, *i.e.,* the exception "to the rendering and signing of the judgment," does not bring up for review the findings of fact or the evidence upon which they are based. *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22. It presents for decision the solitary question whether error appears on the face of the record. *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476; *King v. Rudd,* 226 N.C. 156, 37 S.E. 2d 116; *Crissman v. Palmer,* 225 N.C. 472, 35 S.E. 2d 422.

B. F. Sprinkle was alive at the time of the execution of the deeds of 24 May and 8 October, 1900. Seven of his nine children were then living. His other two children were born between that time, and the termination of Ida A. Sprinkle's precedent life estate. Since the statute codified as G.S. 41-6 prescribes that "a limitation by deed, will, or other writing to the heirs of a living person, shall be construed to be to the children of such person, unless a contrary intention appear by the deed or will," the deeds of 24 May and 8 October, 1900, operated as a conveyance of the remainder in the land in controversy to the nine children of B. F. Sprinkle as a class. *Cooley v. Lee,* 170 N.C. 18, 86 S.E. 720; *Condor v. Secrest,* 149 N.C. 201, 62 S.E. 921. As a consequence, these nine children became entitled to the actual enjoyment of the land in question immediately after the death of Ida A. Sprinkle, the life tenant. Subsequent to that event one of them, namely, Philip E. Sprinkle, transferred his interest in the property to another, namely, Mrs. Minnie V. Pettigrew. These things being true, the presiding judge did not err in adjudging that the plaintiffs and the individual defendants own the land in dispute in fee simple and are entitled to its immediate possession. His findings of fact support and require that adjudication.

In reaching this conclusion, we necessarily reject the contentions of the appellant on this phase of the case. Two of these contentions merit some elaboration.

It is asserted that the plaintiffs and the individual defendants are the heirs at law of the life tenant, Ida A. Sprinkle, and her husband, B. F. Sprinkle, and that as such heirs at law their action for the land in controversy is barred or rebutted by the warranty in the deed from their ancestors to the appellant. This contention meets full refutation in the statute embodied in G.S. 41-8, which is a re-enactment of the Statute of 4 Anne, Chapter 16, Section 21, and is couched in this language: "All collateral warranties are abolished; and all warranties made by any tenant for life of lands, tenements or hereditaments, the same descending or coming to any person in reversion or remainder, shall be void; and all such warranties, as aforesaid, shall be deemed covenants only, and bind the covenanter in like manner as other obligations." Under this statute, a warranty in a deed of a life tenant does not bar or rebut the

claim of heirs who can connect themselves with the outstanding remainder. *Starnes v. Hill,* 112 N.C. 1, 16 S.E. 1011; *Hauser v. Craft,* 134 N.C. 319, 46 S.E. 756; *Southerland v. Stout,* 68 N.C. 446; *Moore v. Parker,* 34 N.C. 123. This is so because such heirs take by purchase, *i.e.,* as remaindermen, and not by descent, *i.e.,* as heirs. *Hauser v. Craft, supra.*

The appellant also insists that it has acquired a good title to the land in controversy by seven years adverse possession under color of title, and that this proposition has been established by the fourth finding of fact of the presiding judge. This contention runs afoul of the well settled rule that possession by the grantee of a life tenant is not adverse to the rights of the remainderman during the life of the life tenant. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717. The seven-year statute of limitation prescribed by G.S. 1-38 did not begin to run against the plaintiffs and the individual defendants until 4 April, 1949, when the life tenant died.

The City of Reidsville is in no position to complain of the refusal of the presiding judge to pass on its claim against the executors of Ida A. Sprinkle in the instant action. The answer of the city does not allege that its grantor was without title, or the right to convey. Consequently, it does not state a counterclaim or cross-action against the executors for breach of the covenants of seizin and right to convey. *Pridgen v. Long,* 177 N.C. 189, 98 S.E. 451. The answer likewise fails to assert a counterclaim or cross-action against the executors for breach of the covenant of warranty. It does not aver facts showing an ouster or its equivalent. *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77 S.E. 770; *Wiggins v. Pender,* 132 N.C. 628, 44 S.E. 362, 61 L.R.A. 772; *Ravenel v. Ingram,* 131 N.C. 549, 42 S.E. 967. Furthermore, there was nothing before the court indicating the damages recoverable for any unalleged partial breach of any of the covenants of title. *Lemly v. Ellis,* 146 N.C. 221, 59 S.E. 683; *Dickens v. Shepperd,* 7 N.C. 526.

For the reasons given, the judgment of the superior court is
Affirmed.